WELLS T. SMITH *vs.* INHABITANTS OF CONWAY.

Franklin.   Sept. 19. — Nov. 4, 1876.   COLT & MORTON, JJ., absent.

In an action against a town for an injury sustained by a defect in a highway, where it appears that the injury was sustained while the plaintiff was attempting to pass in his vehicle to the right of another vehicle travelling in the same direction, in violation of the Gen. Sts. *c.* 77, § 2, it is erroneous to instruct the jury that the burden is upon the plaintiff to show that there existed such an emergency or difficulty in the way as made it reasonably impracticable for him to pass to the left of the vehicle ahead of him.

TORT for personal injuries, occasioned by an alleged defect in a highway, which the defendant town was bound to keep in repair. Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions in substance as follows :

It appeared in evidence that the plaintiff, in travelling upon the road, was behind the vehicle of one Mosher, and that near the place of the accident he turned out to his right hand side of the road and passed Mosher's vehicle. It was in dispute how near the place of the accident he was when he so turned out, or how far past the vehicle of Mosher he had got when the accident happened; the plaintiff contending that Mosher's vehicle had not reached the place of accident, by many feet, when the plaintiff's vehicle went off a culvert which was not railed, and which the plaintiff contended should have been ; but the defendant contending that the vehicle of Mosher was abreast of the plaintiff's vehicle at the time of the accident.

The plaintiff contended also, upon the evidence, that as he drove up behind Mosher he asked Mosher to let him go by ; that Mosher drove off to the left side of the road, close up to a wash-

out or hole in the road, which the plaintiff contended the evidence showed existed on the left side of the road; that there was no room for the plaintiff to go by on the left side; that the grass was so high on the right end of the culvert that it was invisible to the plaintiff, and that he had no reason to suppose there was any danger in turning to the right, as he did.

The defendant contended that the plaintiff was in violation of the Gen. Sts. *c.* 77, § 2, and that for that reason he could not recover. The plaintiff contended that, if that was so, a violation of that law did not operate to defeat his action, and affected it only as a circumstance bearing upon the question of due care. The plaintiff also contended that he was justified in turning to the right, both by the action of Mosher and by the condition of the road, and requested the judge to rule that " though the forward traveller has the prior right to the right hand side of the road for his vehicle, yet it is a right he may yield to a fellow traveller behind, and such exchange does not affect the plaintiff's right to recover of the town except as a circumstance bearing on the question of ordinary care." The judge refused so to rule, and, at the request of the defendant, ruled that " the plaintiff cannot justify his attempt to pass on the right side of Mosher unless he shows such an emergency or difficulty in the way as made it reasonably impracticable for him to pass on the left of Mosher, and the burden is on him to show the emergency." The jury found for the defendant; and the plaintiff alleged exceptions.

*G. M. Stearns,* for the plaintiff.

*C. Delano,* (*S. O. Lamb* with him,) for the defendant.

LORD, J. The facts in this case are substantially these : The plaintiff was a traveller upon a highway within the defendant town, and in driving along the way was behind the vehicle of one Mosher, which he desired to pass. To do so, he turned out upon his right hand side of the road. It does not appear by the report of the case whether he had passed the vehicle of Mosher, or whether he was abreast of it, at the time of receiving the injury for which he brings his action. We presume, however, that the ruling of the presiding judge in the court below was based upon the supposition that, at the time of the injury, his vehicle was abreast of the vehicle of Mosher, and that proper instruc-

tions were given in case the jury found that the plaintiff had in fact passed Mosher's vehicle. If he had already passed that vehicle, by many feet, as he contended at the trial, he was not at the time in the act of violating the law of the road, and we cannot presume that the instruction was given in reference to that condition of things, but, upon the other hand, that it was given in reference to the condition of things as contended for by the defendant, to wit, that the plaintiff was, at the time he received the injury, abreast of the vehicle of Mosher, and was in the act of passing it; and the question is whether, as applicable to that state of facts, the instruction was right. On the subject "of the law of the road," the statute, Gen. Sts. c. 77, §§ 1–2, provides that when persons meet each other on a way with vehicles, each person shall seasonably drive his vehicle to the right of the middle of the travelled part of the way, in order that they may pass without interference; and that the driver of a vehicle passing a carriage travelling in the same direction shall drive to the left of the travelled part of the way; and that, if the way is of sufficient width for the two vehicles, the driver of the leading one shall not wilfully obstruct the passage. The statute also, in § 4, enacts a penalty, if complaint is made within three months, for violation of these provisions. The statute is of necessity very general in its terms, applying to all ways within the Commonwealth, but the character of the various ways is exceedingly diversified, and this diversity is perhaps as great in respect to the width of the travelled part of the ways as in any other. Some ways are so narrow that very great care is necessary to enable one vehicle to pass another, while others, even in the travelled part, are so broad that very many vehicles may pass abreast of each other without any risk or inconvenience. Neither the width of the way in the present case, nor any circumstances in relation to it, whether a thoroughfare with much travel upon it, or a byway with only an occasional traveller, nor any circumstances in relation to the way in question, appear, except that the grass so grew upon the side of the way as to conceal a culvert, which the plaintiff contends should have been protected by a railing in order to make the way safe and convenient for travellers. This court has in various cases decided that the mere fact, that the plaintiff at the time he received the injury was in the violation

of the law of the road, will not prevent his recovery. *Spofford* v. *Harlow*, 3 Allen, 176. *Wrinn* v. *Jones*, 111 Mass. 360. *Kidder* v. *Dunstable*, 11 Gray, 342. *Damon* v. *Scituate*, 119 Mass. 66. *Tuttle* v. *Lawrence*, 119 Mass. 276. In the present case, the learned judge did not rule as matter of law that the plaintiff could not recover, if at the time of the injury he was acting in violation of law, but that the burden was upon him to show that there existed such an emergency or difficulty in the way as made it reasonably impracticable for him to pass upon the left of Mosher. This instruction we can deal with only as an abstract proposition of law, because there are no facts to show that there was anything in the case to take it out of the ordinary rule ; and as an ordinary rule of law we think it is too restricted. There may be many cases where, without any negligence, a person may drive upon the wrong side of another vehicle, without any such emergency existing as to make it reasonably impracticable for him to pass upon the right side. It is matter of common knowledge that there are many ways in the Commonwealth, especially in the western portion of it, so broad that a traveller might be obliged to make a very considerable circuit within the wrought part of the way itself, in order to pass upon the left of a carriage going in the same direction. We think the question is not whether it is reasonably impracticable to pass upon the left, but whether it is reasonably safe and prudent to pass upon the right. Without deciding that the prayer of the plaintiff's counsel should, in terms, have been given, we are of opinion that it should have been left to the jury to say whether it was reasonably safe and proper for the plaintiff to pass upon the right of Mosher's vehicle, and whether any want of reasonable care on the part of the plaintiff, in this or in any other respect, contributed to the injury, as a cause of it. Even if it be true that, *primâ facie*, an injury sustained while in the commission of an unlawful act is presumed to have been in consequence of a want of reasonable care, such presumption may be rebutted by other proof, than by the restricted mode indicated by the instructions of the learned judge who presided at the trial. Because of the limited mode by which the plaintiff was bound to show that he had not failed in the exercise of reasonable care, the

*Exceptions are sustained.*