RALPH R. RICE *vs.* LOWELL BUICK COMPANY.
LEMUEL J. STEWART *vs.* SAME.
CHARLES T. PURDY *vs.* SAME.

Middlesex.    November 13, 1917. — January 2, 1918.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* In use of highway. *Motor Vehicle. Law of the Road.*

At the trial of an action for personal injuries sustained in a collision of a motor car in which the plaintiff was travelling with another motor car driven by the defendant, after the car in which the plaintiff was travelling had come from an intersecting road and, instead of passing "to the right of the intersection of the centres of said ways before turning to the left," had turned directly to the left and was driven upon a street car track which was at the left hand side of the highway, it is right for the presiding judge to refuse to rule that, if the jury should find that the collision occurred some sixty-five feet or more from the intersection of the two roads, the law of the road contained in R. L. c. 54 applies to the case and the provisions of St. 1909, c. 534, § 14, as amended, do not apply, because the question, whose negligence caused the collision, cannot be determined without considering what occurred at the intersection of the ways and the jury may find that, if the car in which the plaintiff was travelling had passed to the right of the intersection of the centres of the ways before turning to the left, the collision would not have occurred.

In the same case it was *held* that it also was right for the presiding judge to refuse to rule that, if the jury should find that the car which the plaintiff was driving was at the time of the collision substantially off the travelled part of the highway and was running on the street railway track, the plaintiff was not violating the law of the road; because, if the plaintiff was driving outside the travelled part of the way, he was none the less within the terms of the statute and it was his duty to drive to the right of the middle of the travelled way if it was reasonably prudent and safe for him to do so, and that, if he was driving on the street railway track, he was so near the travelled part of the way that the driver of the defendant's car had a right reasonably to expect that he would observe the law of the road if this could be done safely.

In the same case the judge instructed the jury that, while the driver of the plaintiff's car had violated the statute, the plaintiff was not necessarily precluded from recovery, that if a man was on a highway where he should not be, that would not authorize another to run him down and that it was a question for the jury to determine, whether such an emergency existed as to show that the driver of the plaintiff's car was using the care of a reasonably prudent and careful man in being where he was when the collision occurred, and that, if it was found that he was, he could not be held to have been negligent. *Held,* that this was an accurate statement of the law.

THREE ACTIONS OF TORT for personal injuries, and for damage to a motor car, sustained at about half past four o'clock in the afternoon of December 12, 1915, by being run into by a motor car driven by the defendant when the three plaintiffs were travelling in a motor car owned by the plaintiff in the first case and driven by the plaintiff in the third case. Writs dated January 3, 1916.

In the Superior Court the cases were tried together before *Wait,* J. The evidence is described in the opinion. At the close of the evidence the plaintiffs asked the judge to instruct the jury as follows:

"1. If the jury find that the collision occurred some sixty-five feet or more from the intersection of Shawsheen Road with Great Road, then the law of the road, R. L. c. 54, applies to this case, and the provisions of St. 1909, c. 534, § 14, as amended, with reference to intersecting ways do not apply.

"2. If the jury find that the Ford car was substantially off the travelled part of Great Road and running on the street railway tracks at the time of the collision, then it was not contrary to the law of the road for Mr. Purdy to drive the car where he did."

The judge refused to make either of these rulings and submitted the cases to the jury with other instructions, including the instructions described in the opinion to which the plaintiffs excepted. The jury returned a verdict for the defendant in each of the three cases; and the plaintiffs alleged exceptions.

*W. R. Bigelow,* (*L. L. Green* with him,) for the plaintiffs.

*C. S. Knowles,* for the defendant.

CROSBY, J. These are three actions brought to recover for personal injuries received by the plaintiffs by reason of a collision between the Ford automobile in which they were travelling and a Cadillac automobile owned by the defendant and driven by one Young. The jury returned a verdict for the defendant in each action. The cases are before us upon the plaintiffs' exceptions to the refusal of the presiding judge to give their first and second requests and to certain portions of the charge.

The accident occurred upon a highway known as Great Road in the town of Bedford, and at a point about sixty-five feet southerly from the intersection of Shawsheen Road with Great Road.

Shawsheen Road runs in a southwesterly direction and joins Great Road. The latter highway extends north and south.

There was evidence that Great Road was fifty feet wide as laid out between the stone walls on the east and west sides; that on the easterly side of the way were the rails of a single track street railway of standard gauge; that between the easterly rail and the stone wall on the east was a grass plot; that from the westerly rail to the stone wall on the west side was about thirty-four feet, consisting of a gravel shoulder four and a half feet wide from the westerly rail to the easterly edge of macadam, then a macadam road fifteen feet wide, then a gravel shoulder on the westerly side four and a half feet wide; and from there to the west wall was a grass plot.

There also was evidence that the car in which the plaintiffs were travelling, in coming from the east, turned from Shawsheen Road to the south into Great Road when the defendant's car was proceeding along Great Road in a northerly direction. The plaintiff Purdy, who was driving the Ford car, testified that "When on Shawsheen Road about fifty feet back from the crossing, I first saw the Cadillac car some two hundred and fifty feet down Great Road in the direction of Lexington, coming at thirty miles per hour, the Ford then going at about twelve miles per hour." There was nothing to prevent the driver of each car from seeing the other car for a long distance before the collision occurred. The evidence shows that the driver of the Ford car, as he approached the crossing of the two ways, instead of passing to the right of the intersection of the centres of the ways before turning to the left, turned to the left and ran along the car track on the easterly side of the highway to the place of the collision, — about sixty-five feet from the intersection of the ways. The plaintiffs further testified that, as the Ford car turned into Great Road, the Cadillac car "swayed toward its left" — then turned to the right; and then the driver of the Ford car "turned straight to the gutter."

The defendant called as a witness the driver of the Cadillac car, who testified that when he saw the car in which the plaintiffs were travelling coming toward him on the left side of the road he did not swing his car to the left, "but after putting on the brakes went further to his right and at the time of the collision

his car swung round so that it struck the right-hand side of the Ford car with the left rear end of the Cadillac car."

The presiding judge instructed the jury as to the law relating to the duties of drivers of motor vehicles travelling upon highways, so far as pertinent to the issues involved, including the duties of the drivers of such vehicles upon approaching a crossing of intersecting ways. He also read to the jury St. 1909, c. 534, § 14, as amended by St. 1910, c. 605, § 5, and R. L. c. 54, §§ 1, 2.

It is apparent from the record that upon the issue of liability the question which the jury were called upon to decide was, whether the accident was due to the carelessness of the driver of the defendant's car or was the result of carelessness on the part of the driver of the Ford car. It could not have been ruled that, if the collision occurred sixty-five feet or more from the intersection of the ways R. L. c. 54 applied and that St. 1909, c. 534, § 14, did not apply. The question as to whose negligence caused the accident could not be determined by leaving out of consideration what occurred at the intersection of the ways, but depended upon the conduct of the parties from the time the plaintiffs entered upon Great Road down to the time of the collision. The jury might have found that if the driver of the Ford car had complied with the provisions of St. 1909, c. 534, § 14, and had passed to the right of the intersection of the centres of the ways before turning to the left, the collision would not have occurred. Accordingly the plaintiffs' first request could not properly have been given.

The language found in the opinion in *Smith* v. *Conway*, 121 Mass. 216, is not applicable, but was used with reference to a state of facts wholly different from what appears in the case at bar.

The plaintiffs' second request was refused rightly. If, upon conflicting evidence, the jury could have found "that the Ford car was substantially off the travelled part of Great Road and running on the street railway tracks at the time of the collision," still it could not have been ruled that it was not contrary to the law of the road to be there, under the circumstances as shown by the evidence.

These motor cars were travelling upon the highway in opposite directions and the operator of each was bound, under R. L. c. 54, § 1, to "seasonably drive his . . . vehicle to the right of the

middle of the travelled part of such . . . way" so that their respective vehicles might pass without interference.  At the time of the collision, the drivers of the automobiles were attempting to pass each other while travelling in opposite directions.  The driver of the plaintiffs' car was within the terms of the statute even if he was outside the travelled part of the way; it still was his duty to drive to the right of the middle of the travelled way, if it was reasonably prudent and safe for him to do so.  If he was not on the travelled way, he was so near it that the driver of the defendant's car had a right reasonably to expect that he would observe the law of the road if he could prudently and safely do so.

The judge, in his instructions, told the jury in substance that, while the driver of the Ford car had violated the statute, the plaintiffs were not necessarily precluded from recovery; that, if a man was on the highway where he should not be, that would not authorize another to run him down, and that it was a question for the jury to determine whether such an emergency existed as showed that the driver of the Ford car was using the care of a reasonably prudent and careful man in being where he was when the collision occurred; and, if it was so found, he could not be held to have been negligent.

The charge fully and accurately stated the law governing the case.  The exceptions taken thereto cannot be sustained.  As we are unable to perceive any error in the conduct of the trial, the entry must be

*Exceptions overruled.*