GEORGE B. CANNON *vs.* LINDOFF A. BASSETT.

CAROLYN E. CANNON *vs.* SAME.

Worcester.    May 22, 1928. — September 15, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Negligence,* Contributory, Motor vehicle, In use of way, Violation of statute.    *Evidence,* Competency, Opinion.

Failure to comply with G. L. c. 89, § 2, providing that "The driver of a vehicle passing another vehicle traveling in the same direction shall drive to the left of the middle of the traveled part of a way . . . ," although evidence of negligence, is not conclusive.

At the trial together of two actions of tort for injury sustained in a collision between an automobile operated by one of the plaintiffs and an automobile owned by the defendant and operated by his agent, there was evidence that the plaintiffs' automobile was following the defendant's automobile on a way; that the defendant's operator, intending to turn to the right into a hidden driveway which entered the road at an acute angle, swung over to the left hand side of the road as if intending to stop there or enter a driveway there; that the plaintiffs' car thereupon proceeded straight ahead through the open space on the right hand side of the road; that, when it was about abreast of the defendant's car, the driver of that car swung to his right and came across the road, striking the plaintiffs' car.    The trial judge denied motions by the defendant that verdicts be ordered in his favor and instructed the jury that G. L. c. 89, § 2, had no application to the accident if the defendant's car moved across the road from left to right as the plaintiffs' car was going ahead; that if disregard of that statute by the plaintiffs contributed to the accident, the plaintiffs could not recover, but that if such disregard did not contribute to the accident and if the plaintiffs had used the care of ordinarily prudent men, recovery by the plaintiffs was not precluded. *Held,* that

(1) The motions by the defendant properly were denied; findings of negligence on the part of the defendant's operator and of due care on the part of the plaintiffs were warranted;

(2) The judge's instructions were proper;

(3) Testimony by one of the plaintiffs, that it was not possible to keep on the street and pass to the left of the defendant's car, because there was no room and the plaintiffs' car would have struck the defendant's car or a stone wall, was admissible.

TWO ACTIONS OF TORT, for personal injuries and damage to property sustained by the plaintiffs in a collision between an automobile owned and operated by the plaintiff in the

first action, and an automobile owned by the defendant and operated by his agent.  Writs dated March 31, 1926.

In the Superior Court, the actions were tried together before *P. J. O'Connell*, J.  Material evidence and portions of the judge's charge to the jury are described in the opinion. There also was evidence that when the Ford car turned to the left it proceeded in that direction until it was wholly on the left hand side of the road.  Carolyn E. Cannon was asked in direct examination subject to exception by the defendant, "Was it possible for your car to keep on the macadam roadway or concrete roadway, Mrs. Cannon, and pass to the left of the Ford car?"  She answered in the negative giving as her reason that there was no room and that they would have struck the Ford or the stone wall.

The judge denied a motion by the defendant in each action that a verdict be ordered in his favor.  There was a verdict for the plaintiff in each action, in the sums of $3,500 and $2,250, respectively.  The defendant alleged exceptions in each action.

The case was submitted on briefs.

*D. F. Gay*, for the defendant.

*J. Joseph MacCarthy*, for the plaintiffs.

WAIT, J.  The plaintiffs, travelling in an automobile driven by the plaintiff George B. Cannon, were ascending a hill in Brookfield on the route to Boston when a car driven by a servant of the defendant came into the road from their right at some distance ahead of them and preceded them up the hill.  The travelled surface of the road was about twenty-four feet wide.  It was bounded on the right by a steep bank rising immediately from the right hand edge to a height of five or six feet.  On this bank, hidden from the roadway, was a driveway to a house on the right which came into the road at a sharp, acute angle.  The driver of the defendant's car purposed to enter this driveway, and to do so was obliged to swing to his left beyond the middle of the road and then proceed sharply to his right across the road with sufficient power to overcome a steep incline in the driveway where it descended from the level of the top of the bank to that of the road.  The plaintiffs drew nearer the car as

they followed it. When it was some thirty feet ahead of them and from thirty to fifty feet from the junction of road and driveway, it swung to its left as though to stop on the left side of the road or to enter a driveway on the left, leaving an unobstructed roadway ahead of them. They kept on in a straight line in the open way to go by the car at the left and were about abreast of it when it swung to its right, came across the road and collided with their car. There was contradicted evidence that no signal was given from the leading car. The driver testified that he looked behind toward his left but not to the right, and saw no car before turning. The plaintiffs testified that they sounded their horn. Whether the defendant's car plunged headlong into the side of the plaintiffs' car near its middle, or the plaintiffs' car "side-swiped" the defendant's car beginning at the right rear fender was in dispute. There is no dispute that the plaintiffs at no time turned to their left to go around to the left of the defendant's car; they swung sharply to their right to avoid the collision. At no time were they to the left of the middle of the road.

There is nothing which, as matter of law, establishes that the defendant's servant was free from carelessness, or that the plaintiffs contributed to their injury by lack of due care. There is enough to justify findings of negligence and of due care. The failure to observe G. L. c. 89, § 2, which provides that "The driver of a vehicle passing another vehicle traveling in the same direction shall drive to the left of the middle of the traveled part of a way; and, if it is of sufficient width for the two vehicles to pass, the driver of the leading one shall not wilfully obstruct the other," although evidence of negligence, is not conclusive. *Bourne* v. *Whitman*, 209 Mass. 155. *Clinton* v. *Revere*, 195 Mass. 151. *Rice* v. *Lowell Buick Co.* 229 Mass. 53. *Walters* v. *Davis*, 237 Mass. 206.

The cases cited fully support the denial of the motion for a directed verdict; and they sustain, moreover, the instructions given to the jury to which exception was claimed.

The judge was right in saying that the statute had no application if the defendant's car was on the left side of the road, turned toward the right, and moved south across the

road as the plaintiffs, travelling east, were going by to the right of the middle of the road. Those are not the words he used, but they state the situation he was describing. In such circumstances the vehicles would not be "traveling in the same direction."

The jury was fully and correctly instructed that disregard of the statute was evidence of negligence, and if the plaintiffs' disregard contributed to the accident that no recovery was possible; but the instruction was equally full and correct that the disregard, if there were any, would not preclude recovery if, under such circumstances as they found to exist in the case before them, the plaintiffs had used the care of ordinarily prudent men, and the failure to comply with the statute had not contributed to the accident.

The admission of the opinion of Mrs. Cannon was right. In deciding on her case, her opinion in regard to a possible course of action was proper for consideration. If she thought it impossible to pass to the left of the defendant's car, she could be found justified in not trying, or in not urging her husband to try, to do it.

We find no error in the rulings made nor in the instructions given.

*Exceptions overruled.*