# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

JOHN P. BUTLER *vs.* T. BEATRICE CURRAN.

SAME *vs.* WILLIAM CURRAN.

Plymouth. October 4, 1938. — December 28, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Violation of law. *Proximate Cause. Practice, Civil,* Auditor: findings.

In an action for personal injuries, the issues of due care of the plaintiff and of negligence of the defendant could not be said to be concluded in favor of the defendant where the action was tried upon an auditor's report and other evidence and the auditor found that the defendant had been negligent and that the plaintiff had been in the exercise of due care.

On evidence of the circumstances in which a boy twelve years of age, while at night riding a bicycle, without a light thereon, on his left of the middle of a lighted public street in a city along a line of parked motor vehicles, was struck by an automobile coming from the opposite direction, it was for the jury to determine whether his violation of either G. L. (Ter. Ed.) c. 89, § 1, or of c. 85, § 13, was a proximate cause of the collision.

TWO ACTIONS OF TORT. Writs in the Superior Court dated March 28, 1932.

The actions were tried together before *Dillon,* J., who ordered verdicts for the defendants.

*D. J. Triggs, (J. E. McConnell* with him,) for the plaintiff.
*H. F. Hathaway,* for the defendants.

QUA, J.   These are actions against the operator and the owner, respectively, of an automobile that collided with a bicycle ridden by the plaintiff on Crescent Street in Brockton in the late afternoon of January 27, 1932.

An auditor found that the defendant operator was negligent, and that the plaintiff, who at the time of the accident was twelve years old, was in the exercise of due care for a person of his age.   These findings remained evidence in the case, although other evidence was introduced at the trial. They made it impossible rightly to direct verdicts for the defendants on either of these issues.   G. L. (Ter. Ed.) c. 221, § 56.   *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564.

But the auditor also found that the plaintiff violated the law of the road, G. L. (Ter. Ed.) c. 89, § 1, which required him upon meeting the automobile seasonably to turn to the right of the middle of the street, and also G. L. (Ter. Ed.) c. 85, § 13, which required him to have a light attached to his bicycle, and that these violations were the direct and proximate cause of the accident, and found for the defendant in each case.   The question principally argued is whether the judge could rightly direct verdicts for the defendants on the ground that the plaintiff's violation of law was a proximate cause of his injury.

The cases were substantially retried before the jury.   A brief outline of the facts which could have been found from evidence at the trial is this: Crescent Street was a business street, with a single car track approximately in the center. It ran east and west.   The plaintiff turned into Crescent Street at an intersection west of the point of the accident and proceeded in an easterly direction on the southerly side of the street.   He intended to stop at a heating and steam-fitting establishment on the northerly side.   As he approached his destination, he turned to his left diagonally across the street in a northeasterly direction toward a driveway at the entrance to the premises he intended to visit.   When he reached the driveway where he "was going to turn in," he found it blocked by an oil truck that was parked half on the sidewalk and half in the street.   Auto-

mobiles were closely parked on that side of the street in each direction from this truck. The plaintiff, therefore, continued easterly on his left hand side of the street, keeping close to the parked vehicles. An automobile going west, "straddling the northerly rail of the track," passed him safely. About sixty-five feet behind that came the automobile driven by T. Beatrice Curran, hereinafter called the defendant, also going toward the west, but entirely north of the northerly rail. The plaintiff "proceeded along as near as possible" to the parked automobiles. The defendant was going twenty-five to thirty miles an hour, and the plaintiff was going about five miles an hour. The defendant "came to the north gradually; to where . . . [the plaintiff] was," and the collision occurred just as the plaintiff was passing a large truck parked on his left. There was evidence that, although there were street lights, the defendant did not see the plaintiff until he "appeared at her side" and struck her fender.

On the whole evidence, including the auditor's report, it was for the jury to say what caused the accident. They could have found that it was caused wholly by negligence of the defendant in not seeing the plaintiff, although (as they could have found) she had ample opportunity to see him as he approached for a distance of sixty-five feet, and in turning toward him, so that he was crowded between the truck and the automobile instead of allowing him necessary room, as the preceding automobile had done. They could have found that the same accident would have happened if the plaintiff had been going in the opposite direction, or if he had been standing in the street waiting for the automobiles to pass, and so had not been violating the law of the road. Similarly, it could not be ruled that the absence of a light on the bicycle was a cause of the accident, especially in view of the lighting conditions in the street.

We need not restate the often discussed distinction between illegality which is a cause and illegality which is a mere attendant circumstance. *Newcomb* v. *Boston Protective Department,* 146 Mass. 596, 604. *Leveillee* v. *Wright,* 300 Mass. 382, 387–388. It is usually a question of fact

under all the circumstances into which category falls a violation of the law of the road or of similar statutory provisions. *Rice* v. *Lowell Buick Co.* 229 Mass. 53, 57. *Walters* v. *Davis*, 237 Mass. 206, 209. *Bogert* v. *Corcoran*, 260 Mass. 206, 209. *Cannon* v. *Bassett*, 264 Mass. 383, 386. *Clay* v. *Pope & Cottle Co.* 273 Mass. 40, 44. *Minnehan* v. *Hiland*, 278 Mass. 518, 523. *Wall* v. *King*, 280 Mass. 577. *Hoxie* v. *Bardwell*, 287 Mass. 121, 124. *Gallagher* v. *Wheeler*, 292 Mass. 547, 555. *Price* v. *Pearson*, 301 Mass. 260, 263. There is nothing to the contrary in *Patrican* v. *Garvey*, 287 Mass. 62.

This case is distinguishable from cases where the plaintiff is a trespasser upon the highway, so that the illegal quality in his conduct extends to his every act and motion. *Scranton* v. *Crosby*, 298 Mass. 15.

The plaintiff's exceptions are sustained, and in accordance with a stipulation of the parties, in the action against T. Beatrice Curran judgment is to be entered for the plaintiff in the sum of $2,000, and in the action against William Curran judgment is to be entered for the plaintiff in the sum of $1 without costs and the further entry is to be made "Judgment satisfied."

*So ordered.*