JOSEPH SADAK *vs.* VICTOR R. TUCKER.

JAMES SADAK *vs.* SAME.

Hampden.     September 18, 1941. — October 30, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Negligence*, Motor vehicle, Use of way, Violation of law, Coasting, Contributory. *Proximate Cause*. *Way*, Public: coasting. *Practice, Civil*, Auditor: findings.

A finding of negligence of the operator of an automobile which struck a boy walking with his sled on the highway at dusk was warranted by evidence of an icy condition of the highway, of sleet freezing on the windshield of the automobile and limiting the operator's vision, and of a speed of twenty-five miles an hour.

A finding, that a violation by a boy of a municipal ordinance prohibiting coasting on a public way was a proximate cause of injuries received when he was run into from behind by an automobile, was not required where there was evidence that he had ceased to coast two hundred feet from the place where he was struck and had been walking throughout that distance.

Conduct of a boy walking with his sled at dusk on the right side of an
icy public way did not require a finding that he was guilty of negli-
gence contributing to injuries sustained when he was run into from
behind by an automobile negligently operated.

Two ACTIONS OF TORT. Writs in the Superior Court
dated September 7, 1934.

At the trial of the actions together before *Beaudreau,* J.,
there were verdicts for the plaintiffs, respectively, in the
sums of $24,166 and $2,405.25.

*R. H. Tilton,* for the defendant.

*T. J. Collins,* for the plaintiffs.

Cox, J. The first action is one of tort in which the minor
plaintiff, hereinafter referred to as the plaintiff, who was
eleven years of age at the time of his injuries, seeks to recover
damages for those injuries sustained on Springfield Street, a
public way in the town of Agawam, when he was struck by
an automobile owned and operated by the defendant, and
the second action is by the plaintiff's father to recover con-
sequential damages. The cases were tried to a jury upon
the report of an auditor and other evidence. Rule 88 of
the Superior Court (1932). Verdicts were returned for the
plaintiffs. The denial of the defendant's motion for a
directed verdict in each case presents the only exceptions.

The jury could have found that the street, which ran
east and west, was at least forty feet wide, that it had a
macadam surface twenty feet in width, and that there was
a single trolley track, the northerly rail of which was about
two feet from the southerly edge of the macadam. The de-
fendant was travelling east on the macadam at a speed of
twenty-five miles an hour, at about a quarter to five in the
afternoon on December 15, 1933, when his automobile col-
lided with the plaintiff. It was dusk, the highway was icy,
and a soft sleet was falling which froze as it struck the
windshield of the defendant's automobile so that he had
a limited vision ahead of about seventy-five feet. The first
inkling he had that anything was wrong was when he heard
a metallic sound, which was caused when the automobile
struck the sled that the plaintiff was dragging behind him,
but at no time did he feel any impact. He proceeded twenty-

five to thirty feet before applying his brakes and stopped in about ten feet, with the left wheels of his automobile on the macadam, and the right wheels about six inches from the southerly rail of the track. The plaintiff was found lying on his back under the left side of the front axle of the automobile about eight inches from the left front wheel, and so wedged beneath the axle that the left front wheel had to be lifted before he could be removed. His principal injury was a fractured skull due to a severe blow on the back of his head. There were contusions and lacerations about the head, but there were no marks or lacerations on his lower extremities. The only damage to the defendant's automobile was that its right front headlight was broken and the left light pushed back. There were no other marks visible on the automobile. From the top of a hill, about six hundred and thirty feet west of the point of collision, the street slopes to the east. Although there was evidence of varying percentages of this grade or slope, it could have been found that for a distance of about two hundred feet west of the point of contact the slope is so gradual that the grade is scarcely perceptible.

The plaintiff lived on a street that intersects Springfield Street at a point about six hundred feet east of the point of contact. When he arrived at the top of the hill on his way home, he began to slide, lying stomach down on his sled. Other children who were walking in the trolley track some distance to the east of the point of contact, looked back and saw the plaintiff sliding down hill. They saw the lights of the approaching automobile, and it was these lights that enabled them to see him. They heard the crash and turned around again, but did not see the plaintiff. One of the children testified that he and another witness were walking when they saw the plaintiff sliding, that "After we went a little way, we heard a crash," and that they had travelled about one hundred and seventy-five feet between the time they last saw the plaintiff when he was sliding and the time when they heard the crash. The plaintiff, who was seriously injured, testified that when he was struck, he was walking, dragging his sled behind him, and that he

remembered that he was sliding "just before the accident." The auditor found, categorically, that the defendant's negligence was the proximate cause of the plaintiff's injuries, and that the latter was not guilty of contributory negligence. Among other things, the jury were instructed that the town ordinance that prohibited sliding on any of its ways was valid. The auditor also found that before the contact the plaintiff had ceased sliding, and that when he was struck he was walking along the highway, dragging his sled behind him. To the special question submitted to them, whether the plaintiff was walking or sliding when struck by the automobile, the jury answered that he was walking.

We are of opinion that it could have been found that the defendant was negligent. The auditor found that he was operating his automobile at an excessive rate of speed, having regard to the road and weather conditions, and that he carelessly allowed his windshield to become frosted with sleet to such an extent that his vision ahead was restricted and the safety of pedestrians on the highway imperiled. It could have been found that the defendant violated so much of G. L. (Ter. Ed.) c. 90, § 14, as provides that upon approaching a pedestrian who is upon the travelled part of any way and not upon the sidewalk, every person operating a motor vehicle shall slow down. Furthermore, the auditor found categorically that the defendant was negligent. See *Butler* v. *Curran*, 302 Mass. 1, 2.

The defendant contends that the violation of the coasting ordinance by the plaintiff was so intimately connected with his injuries as to bar recovery, and also that irrespective of any violation of the ordinance, the plaintiff was contributorily negligent as matter of law. As to the first contention, he relies upon the case of *Query* v. *Howe*, 273 Mass. 92. It is true that the plaintiff admitted that he was sliding just before he was struck, but he also testified that, when struck, he was walking, dragging the sled behind him. The auditor found that he was walking. Upon all the evidence, including that of the physical facts, the jury properly could find, as they did in answer to the special question, that he was walking when struck. Compare *Ahmedjian* v.

*Erickson,* 281 Mass. 6, 8, and cases cited. But the question remains whether the plaintiff's illegal act in sliding just before he was struck was so intimately connected with his injuries as a proximate cause that, as matter of law, he is barred from recovery. *Query* v. *Howe,* 273 Mass. 92, 96. See *Labay* v. *Leiken,* 252 Mass. 579. The auditor found that the point of contact was fully two hundred feet beyond a point to the west to which the momentum of the sled was likely to have carried the plaintiff on so slight a grade, and that he must have been walking as a pedestrian on the highway for at least that distance before he was struck. See *Petitti* v. *Perriello,* 305 Mass. 274, 275. It does not appear that the defendant objected to these statements in the auditor's report, or that he requested the trial judge to instruct the jury to disregard them. *Solomon* v. *Boylston National Bank,* 269 Mass. 589, 594. We are of opinion that it was for the jury to determine whether the case at bar came within the rule stated in *Query* v. *Howe.*

We are of opinion that it could not have been ruled, in the circumstances disclosed, that the plaintiff was guilty of contributory negligence as matter of law. He was required to exercise only such care as ordinary boys of his age and intelligence who are ordinarily careful are accustomed to exercise under like circumstances. *Gleason* v. *Smith,* 180 Mass. 6. *Pond* v. *Somes,* 302 Mass. 587, 591. Contributory negligence is an affirmative defence to be set up in the answer and proved by the defendant. G. L. (Ter. Ed.) c. 231, § 85. We think the inference was warranted that the plaintiff, when struck, was on the right side of the travelled way. The auditor found that after the contact his sled was about thirty to forty feet behind the automobile and "on the right side of the road." A pedestrian, whether he sees an automobile or not, can rely to a reasonable extent on the expectation that a motor vehicle approaching him will slow down, and that it will not be operated at a rate of speed greater than is reasonable and proper having regard to the traffic, the use of the way, and the safety of the public. G. L. (Ter. Ed.) c. 90, §§ 14, 17. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252, 254. The rights and duties

of the plaintiff and the defendant were reciprocal, and each might rely to some extent upon the due care of the other. *Pease* v. *Lenssen*, 286 Mass. 207, 208, and cases cited. See *Hayes* v. *Boston Elevated Railway*, 269 Mass. 448, 451; *Nicholson* v. *Babb*, 304 Mass. 216, 218. It does not appear that there was any other traffic on the street at the time. The travelled portion was twenty feet wide, and the plain- tiff could rely to some extent on the expectation that the defendant would use the unoccupied part of the travelled way and avoid striking him. *Stinson* v. *Soble*, 301 Mass. 483, 486. Even if it be assumed that the plaintiff was aware of the approaching automobile, he was under no absolute obligation to look back, inasmuch as he could rely to some extent upon the expectation that the defendant would not carelessly run him down. *Byrne* v. *Dunn*, 296 Mass. 184, 186, and cases cited. Furthermore, as already appears, the auditor found, categorically, that the plaintiff was not guilty of contributory negligence. See *Butler* v. *Curran*, 302 Mass. 1, 2. His report does not purport to set out the evidence, and his general findings are "on the basis of a fair preponderance of the evidence." We find nothing in the subsidiary findings to vitiate this ultimate finding. See *Brooks* v. *Davis*, 294 Mass. 236, 238; *Kohutynski* v. *Kohutynski*, 296 Mass. 74, 77.

In each case, it is ordered

*Exceptions overruled.*