ERNEST W. GEORGE *vs.* CARL GOLDMAN & another.[1]

Suffolk. January 5, 1956. — February 1, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Evidence*, Presumptions and burden of proof. *Contract*, Building contract.

In an action to recover an unpaid balance allegedly due under a contract whereby the plaintiff agreed to build a dwelling house for the defendants, it was reversible error for the trial judge to grant a request by the plaintiff for a ruling that "As a matter of law the burden is upon the defendants to prove [that] the plaintiff did not fully perform his work in a good and workmanlike manner and that the plaintiff committed a wilful or intentional breach of a material condition in" the contract.

CONTRACT. Writ in the Municipal Court of the City of Boston dated May 26, 1952.

The action was heard by *Tomasello, J.*

*Robert V. Mann*, for the defendants.

*Morris Kirsner*, for the plaintiff.

COUNIHAN, J. The finding of a judge in this action of contract tried in the Municipal Court of the City of Boston was for the plaintiff. A report to the Appellate Division was dismissed and the defendants appealed. The action is based upon a contract whereby the plaintiff agreed to build a dwelling house in Boston for the defendants and the plaintiff seeks to recover an unpaid balance on said contract.

---

[1] Sylvia Goldman, his wife.

The defendants claim to be aggrieved by the action of the judge denying several of their requests for rulings and allowing several of the plaintiff's requests. The only request which we deem necessary to consider is the plaintiff's request numbered 10 which reads: "As a matter of law the burden is upon the defendants to prove [that] the plaintiff did not fully perform his work in a good and workmanlike manner and that the plaintiff committed a wilful or intentional breach of a material condition in the agreement between the parties." The granting of this request was error.

No citation of authority is necessary to establish the fundamental rule that a judge sitting without jury must properly instruct himself upon accurate principles of law to guide him in arriving at a decision in any particular case. No principle of law is more clearly established than that "When a party binds himself by contract to do a work or to perform a service, he agrees by implication to do a workmanlike job and to use reasonable and appropriate care and skill in doing it." *Abrams* v. *Factory Mutual Liability Ins. Co.* 298 Mass. 141, 143. And "Where a contract contains mutual and dependent covenants . . . the burden is on the plaintiff in an action for breach of the contract to prove the contract and the compliance with his covenant in order to recover . . . ." *Waldo Bros. Co.* v. *Platt Contracting Co. Inc.* 305 Mass. 349, 359. See *Pearson* v. *O'Connell*, 291 Mass. 527, 529.

It follows therefore that the order of the Appellate Division dismissing the report is reversed and the finding for the plaintiff vacated. The case is to stand for a new trial in the Municipal Court of the City of Boston.

*So ordered.*