CLARENCE A. HARTNETT *vs.* SQUIRE, INC. May 26, 1977. 1. It was error for the trial judge to instruct the jury that, in effect, the defendant had the burden of proving the existence and amount of the damages caused by the plaintiff's alleged failure to give timely notice of the liquidation of the increase in the customs duties payable on the defendant's merchandise and notice of the earlier proceedings which culminated in their liquidation, and to deny the defendant's request for an instruction to the contrary (the first sentence of request numbered fifteen). There being no prior agreement between the parties as to the specific amount of the fees and disbursements chargeable by the plaintiff, he had the burden of proving the value of the brokerage services he rendered and the necessity for the disbursements he made, and he was in no way relieved of that burden by the defendant's claim that those services were worth little or nothing, and the disbursements partly or wholly unnecessary, because of the plaintiff's negligent performance of those services. See *Caverly* v. *McOwen,* 123 Mass. 574, 577-578 (1878); *Beverly Hosp.* v. *Early,* 292 Mass. 201, 202-204 (1935); *P.J. Riley & Co.* v. *Aberthaw Constr. Co.* 3 Mass. App. Ct. 275, 277 (1975). Thus, if giving those notices was among the plaintiff's obligations under the brokerage agreement, the plaintiff had the burden of proving either that he gave them or that his failure to do so did not prejudice the defendant. 2. We are likewise of the opinion that the auditor's findings as to the lack of evidence of damages, implying as they did that the defendant had the burden of proof in that regard and possibly misleading the jury, should have been struck. It does not follow, however, that the auditor's ultimate finding for the plaintiff should have been struck for the same reason, as that finding was required by the auditor's subsidiary findings that the plaintiff had fully and faithfully performed all his obligations under the agreement (which findings were not objected to), regardless whether the defendant had been damaged. Nor was the ultimate find-

ing inconsistent with the dates on which the auditor found that the plaintiff had billed the defendant for the liquidated duties, for there is nothing in the report to indicate that those were the dates on which the defendant was first notified of the liquidations. The only other group of findings by the auditor as to which the defendant argues within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) — those in which, according to the defendant, the auditor demonstrated a lack of awareness of the distinction between notices of appraisement and of liquidation — were not objected to (or even mentioned) in either of the motions to strike, and the defendant is therefore not entitled to complain of those findings on appeal. See *Sadak* v. *Tucker,* 310 Mass. 153, 157 (1941); *Freitas* v. *Olson & Appleby, Inc.* 4 Mass. App. Ct. 801 (1976). 3. With the exception referred to in the first sentence of this opinion, there was no error in the judge's actions on the defendant's requests for instructions. Those numbered one, two and five were in substance given, and the judge was not required to do so in the exact language requested. *Fialkow* v. *DeVoe Motors, Inc.* 359 Mass. 569, 575 (1971). Those numbered four, eight, nine and seventeen, as well as the second sentence of the request numbered fifteen, were properly denied because, if given, they would have required the jury to find that the plaintiff had a contractual obligation to furnish the defendant with the notices in controversy and that the plaintiff had not fulfilled that obligation. While the defendant may be correct in asserting that the only relevant testimony introduced at the jury trial supported those propositions, the plaintiff was entitled to rely on the unobjected-to findings of the auditor to the opposite effect, which, by operation of G. L. c. 221, § 56, as then in effect (see *Vaught Constr. Corp.* v. *Bertonazzi Buick Co. Inc.* 371 Mass. 553, 559-560. [1976]), created a jury question on those points. *Murphy* v. *Smith,* 307 Mass. 64, 68-69 (1940). The requested instructions therefore amounted to belated motions that the evidentiary effect of those findings be struck from the case. *Freitas* v. *Olson & Appleby, Inc.* 4 Mass. App. Ct. 801. Because of the existence of the jury questions referred to, the defendant was not entitled to requested instruction numbered eighteen. The defendant has not argued the propriety of the denial of its requests numbered three and nineteen. 4. The verdict is set aside. The order denying the defendant's second motion to strike is modified in so far as it refused deletion of the penultimate paragraph of the auditor's report, which paragraph is to be struck, and the orders denying the first and second motions to strike are otherwise affirmed. The case is remanded for further proceedings not inconsistent with this opinion.

*So ordered.*

*Thomas D. Dolan* for the defendant.
*John A. McNiff,* for the plaintiff, submitted a brief.