CLARENCE A. HARNETT *vs.* SQUIRE, INC. July 26, 1978. This matter is here for further review as to the issues of law discussed in point one of the Appeals Court's opinion. *Hartnett* v. *Squire, Inc.*, 5 Mass. App. Ct. 828 (1977). The plaintiff, a customhouse broker, alleged a contract implied in fact, seeking to recover his fee in nineteen separate transactions and also to recover the amount of certain Federal import duties owed by the defendant importer and paid on the defendant's behalf by the plaintiff, in satisfaction of a bond posted by the plaintiff as importer of record. This dispute arose because the importer claims not to have learned of the assessment—asserted to be excessive—until it was too late to contest it in the United States Customs Court. There was conflicting evidence as to whether, according to the usage of the trade, the broker's right to reimbursement depended on his giving the importer reasonable notice of the levy so that the importer could pursue its legal remedies. There was also conflicting evidence as to whether such notice in fact was given. The defendant's answer had raised these issues, and, as to the first of them, the Superior Court judge charged the jury, in effect, that the defendant had the burden of proof. This was error. See *George* v. *Goldman*, 333 Mass. 496, 497 (1956). The plaintiff had the burden of proving all the facts essential to recovery, including the value of the brokerage services rendered and the necessity for disbursements made. See, e.g., *P.J. Riley & Co.* v. *Aberthaw Constr. Co.*, 3 Mass. App. Ct. 275 (1975). As the Appeals Court noted, "he was in no way relieved of that burden by the defendant's claim that those services were worth little or nothing, and the disbursements partly or wholly unnecessary, because of the plaintiff's negligent performance of those services." *Hartnett* v. *Squire, Inc.*, *supra.* See also *Perley* v. *Perley*, 144 Mass. 104, 107-108 (1887); *Powers* v. *Russell*, 13 Pick. 69, 76-77 (1833). It was for the plaintiff to prove that he was entitled to his fee and disbursements, whether or not he notified the defendant. The judge's charge erroneously placed a burden of proof on the defend-

ant, and the judgment for the plaintiff therefore must be reversed and the case remanded for a new trial.

*So ordered.*

*Thomas D. Dolan* for the defendant.
*John A. McNiff* for the plaintiff.