LOUISE D. MARTIN, individually and as administratrix, *vs.* COMMONWEALTH ACCEPTANCE CORPORATION & another.[1] November 27, 1979. 1. The master was not obliged to report any of the evidence under the terms of the order of reference, which tracked the language set out in Form B of Rule 86 of the Superior Court, as amended effective June 1, 1970, and as in effect until July 1, 1974. *Jones* v. *Wayland,* 4 Mass. App. Ct. 725, 729 (1976), *S.C.,* 374 Mass. 249 (1978). See now Rule 49, § 2, of the Superior Court (1974). 2. Nor was the master obliged to make summaries of the evidence, because there had been no compliance with the requirements of the second sentence of the second paragraph of Rule 90 of the Superior Court (1954). 3. As none of the exhibits was appended to the master's report or incorporated by reference therein, all the objections to the report (regardless of the form in which they were advanced) which were directed to alleged inconsistencies between the contents of the exhibits and the master's findings were properly overruled. See *Chopelas* v. *Chopelas,* 303 Mass. 33, 36 (1939); *Milbank* v. *J.C. Littlefield, Inc.,* 310 Mass. 55, 59-60 (1941); *Jones* v. *Wayland,* 4 Mass. App. Ct. at 728-729. 4. The motion to strike the entire report was properly denied, because the report was not objectionable as a whole and the judge could not be required to assume the burden of separating the good from the bad. *Hill* v. *Associated Transp., Inc.,* 345 Mass. 55, 58 (1962). *Freitas* v. *Olson & Appleby, Inc.,* 4 Mass. App. Ct. 801, 801 (1976). 5. There are two instances of inconsistencies between the master's subsidiary findings which vitiate certain of his ultimate ("general") findings and infect two paragraphs of the judgment: first, there are inconsistent subsidiary findings as to the due date of the mortgage note (variously stated as January 20, 1970, and October 20, 1970) which vitiate the master's fourth ultimate finding and infect the third paragraph of the judgment; second, there is a discrepancy of $6.77 between (a) the balance of the total mortgage proceeds ($6,000) remaining after deducting the sum of (i) the disbursements from those proceeds which were found by the master ($4,357.48) and (ii) the attorney's fee retained by the individual defendant ($100.00) and (b) the

---

[1] Stanley P. Barron.

figure of $1,535.75 which was employed by the master in his third ultimate finding and which was carried to the second paragraph of the judgment. 6. On the merits, there is nothing in the subsidiary findings of the master which supports the notion that the individual defendant somehow acted as the attorney for the plaintiff. Contrast *Goldman* v. *Kane,* 3 Mass. App. Ct. 336, 340 (1975). Nor is there anything in those findings which suggests any impropriety in the individual defendant's retaining a fee of $100.00 out of the mortgage proceeds as compensation for his services rendered to the corporate defendant. The second and third paragraphs of the judgment are vacated, and the case is remanded to the Superior Court for further proceedings not inconsistent with this opinion; the plaintiff is to have costs of appeal.

*So ordered.*

The case was submitted on briefs.
*William F. Donnelly* for the plaintiff.
*William F. York* for the defendants.