ALFRED QUERY *vs.* DANA B. HOWE.

Worcester.     September 24, 1930. — October 8, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence,* Violation of ordinance, In use of way, Motor vehicle, In coasting.     *Wanton, Wilful and Reckless Conduct.     Way,* Public: coasting.

In the declaration in an action of tort by a boy against the driver of a truck for personal injuries received when the truck ran into the boy, there were two counts, the first grounding liability on negligence of the defendant and the second on alleged wilful, wanton and reckless conduct on his part. There was evidence that the plaintiff was coasting on a street on which coasting was prohibited by a municipal ordinance and which continued down hill across a street on which the defendant was approaching; that, as he approached the intersection, he observed the defendant's truck approaching from his right forty-five or fifty feet away; that, when about three hundred feet from the intersection, the truck was travelling at the rate of about forty miles per hour, the defendant driving and talking to a man beside him towards whom his head was turned; that to the defendant the corner on the plaintiff's side of the road was a "blind one"; that the defendant, to avoid hitting another coaster, turned to his right down hill, into the street on which the plaintiff was approaching from the uphill side of the crossing, and then turned back to resume his course; that the plaintiff "slued" to his left and upon an embankment at the lower corner of the streets, rolled off his sled, and, at a point about five feet from the corner, was run over by the rear wheel of the truck. *Held,* that

(1) The illegal act of the plaintiff in sliding upon the street was so intimately connected with his injury as a proximate cause that as matter of law he was barred from recovery on the first count based

upon negligence, although at the time he was struck by the defendant's truck he was not actually coasting on the prohibited street and may have been outside the limits of the street;

(2) The knowledge or state of mind of the defendant with reference to the probability of injury to another was an important matter to be considered in determining whether his conduct toward the plaintiff was wilful, wanton and reckless;

(3) On the evidence, a finding that the defendant was guilty of wilful, wanton or reckless conduct was not warranted, and the defendant was entitled to a verdict on the second count.

TORT for personal injuries. Writ dated May 18, 1928.

In the Superior Court, the action was tried before *Lummus*, J. Testimony of one witness for the plaintiff was in substance "that at the time of the accident the roads at the place of the accident were slippery enough for one to be sliding but there were bare spots on the road too; that it wasn't exceptionally icy; that just before he came to the intersection of Parker Street he stopped his car because he saw some children sliding down Parker Street and he was afraid that he might run into some of them; that he saw a truck coming in the opposite direction that he had been travelling on Mason Street; that it was coming toward him; that it was about a hundred yards from the intersection of Parker Street when he first saw it; that it was travelling very fast — about forty miles an hour; that the driver of the truck was talking to a man that was seated to the right of him as the truck approached the intersection; that the head of the driver of the truck was turned to the gentleman next to him and it appeared that they were both talking to each other. As the witness approached the corner, he saw three boys sliding down Parker Street; as the witness approached the corner at his right, it was a fairly open one; that one of the boys went by, the one that caused the witness to stop; that the plaintiff swerved to the left and the third one was coming down behind them; that when the truck came to the corner the defendant apparently saw the third boy and turned his truck to the right to avoid striking him and that the boy turned to the right and went behind the truck; that the truck went down Parker Street a little and then back up and stopped

on Mason Street about thirty feet from the corner of Parker Street; that the plaintiff was lying on a banking where there was a rise; that the bank sloped down onto the street; that the boy had run down on the side of the banking and his sled had slid out from under him where the low part of the bank came; that the boy was lying down on the ground when he was struck by the truck; that the boy was not in motion at the time he was struck and that he was off the sled."

Other material evidence and rulings by the judge are stated in the opinion. A verdict for the plaintiff in the sum of $2,650 was recorded subject to leave reserved under G. L. c. 231, § 120; and thereafter the. judge ordered the entry of a verdict for the defendant. The plaintiff alleged exceptions.

*E. Burwick,* for the plaintiff.

*D. F. Gay,* for the defendant.

SANDERSON, J. In this action of tort the plaintiff sought to recover for personal injury, alleging in the first count negligence of the defendant and in the second wilful, wanton and reckless conduct of the defendant in operating an automobile. At the close of the evidence the judge, subject to the plaintiff's exception, allowed the defendant's motion for a verdict in his favor on the first count; and subject to the defendant's exception permitted the case to go to the jury on the second. After a verdict for the plaintiff was returned on this count, the trial judge subject to the plaintiff's exception ordered that a verdict for the defendant be entered upon count two of the declaration in accordance with leave reserved under G. L. c. 231, § 120.

The plaintiff, a boy about eleven years of age, and other boys were sliding down hill in Worcester in the centre of Parker Street toward an intersecting street called Mason Street. There was evidence that when the plaintiff reached the latter street he looked to his right and saw a truck operated by the defendant about forty-five or fifty feet away coming on Mason Street. The plaintiff did not know whether the truck was coming fast or slow. He "slued" to the left and went up on the embankment at the corner

of the two streets. There was evidence that the truck turned to the right a little into Parker Street, to avoid hitting a boy who was sliding on a sled behind the plaintiff, and then turned back into Mason Street, and in doing this the rear wheel of the truck went over the plaintiff when he was on the embankment about three, four or five feet from the corner, having rolled off the sled; that the embankment was five feet high; that he was in Parker Street when picked up and that "it happened all at once — it was all very quick." Parker Street was described as a narrow street and there was evidence tending to prove that when the truck reached it the plaintiff was upon the embankment. A witness called by the plaintiff testified that the truck when one hundred yards from the intersection of the two streets was travelling at the rate of about forty miles per hour; that the driver's head was turned toward a man at his side with whom he appeared to be talking as the truck approached Parker Street. After striking the plaintiff the truck went about thirty feet before stopping. Upon all the evidence the plaintiff was off the travelled part of the way when struck but the evidence was somewhat conflicting as to whether he was near it or as far from it as four or five feet. As the truck approached the intersection, the corner at the driver's left was described as a "blind one."

An ordinance of the city of Worcester, prohibiting persons from coasting or sliding down, across, in or along any of the streets or highways upon any hand sled except in places under such restrictions as the board of aldermen shall prescribe, was introduced in evidence. Parker Street was not one on which permission to slide had been granted. The bill of exceptions states that the case was presented upon the assumption that Parker Street was a street or highway within the ordinance, and no one has suggested the contrary.

If the plaintiff received his injury while coasting upon a street from which coasters were excluded by the ordinance, his violation of law would bar recovery for injuries caused by negligence of the defendant. *Boyd* v. *Ellison*, 248 Mass. 250. *Widronack* v. *Lord*, 269 Mass. 238. The reason for this rule is that the violation of that kind of an ordinance

is as matter of law a proximate contributing cause of the injury suffered. The plaintiff contends that when injured his violation of law was at an end and that it could not be found on the evidence that he was at that time within the limits of the street. But we are of opinion that, even though the plaintiff was not upon his sled when injured and if it be assumed that he had reached a point outside the limits of the street, his illegal act in sliding upon the street was so intimately connected with his injury as a proximate cause that as matter of law he is barred from recovery on the first count based upon negligence. See *Wallace* v. *Merrimack River Navigation & Express Co.* 134 Mass. 95; *Bourne* v. *Whitman,* 209 Mass. 155, 167. The direction of a verdict for the defendant on the first count was right.

The defendant in approaching the intersection of the streets at a speed of forty miles per hour and apparently talking to a companion, and in turning the truck into Parker Street and back into Mason Street as described in the evidence, could be found to be negligent, but the evidence would not justify a finding of wilful, wanton and reckless conduct. He had a right to assume that boys would not be coasting upon Parker Street where coasting was prohibited. *Labay* v. *Leiken,* 252 Mass. 579, 581. The knowledge or state of mind of the defendant with reference to the probability of injury to another is an important matter to be considered in determining whether his conduct toward the plaintiff is wilful, wanton and reckless. *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, 243. *Foley* v. *Wesson Memorial Hospital,* 246 Mass. 363, 365. To establish such conduct the plaintiff must prove that the wrongdoer inflicted injury intentionally or was "so utterly indifferent to the rights of others that he acts as if such rights did not exist." *Wentzell* v. *Boston Elevated Railway,* 230 Mass. 275, 277. *Romana* v. *Boston Elevated Railway,* 218 Mass. 76. It did not appear on the evidence considered in the aspect most favorable to the plaintiff that the defendant was wantonly reckless in exposing the plaintiff to danger, nor did his conduct partake of the nature of a wilful, intentional wrong. See *Freeman* v. *United Fruit Co.* 223 Mass. 300, 302. It was

not disputed that the movements of the truck after the coasters were seen by the defendant were made in an effort to avoid injuring one of them. Wanton, wilful and reckless conduct could not be inferred from those movements. Upon all of the evidence proof of an essential element required in law to make a wanton, wilful and reckless act was absent, and the verdict entered for the defendant on the second count was right.

*Exceptions overruled.*