ARTHUR BOTELHO *vs.* EUGENE MARGARIDA
(and three companion cases [1]).

Bristol.    October 26, 1942. — November 30, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Municipal Corporations,* By-laws and ordinances. *Way,* Public: coasting. *Negligence,* Coasting, Use of way, Violation of law. *Proximate Cause. Evidence,* Presumptions and burden of proof.

City ordinances forbidding "riding in . . . any coaster, toy vehicle, or similar device" upon public ways except while crossing a way on a crosswalk, or coasting "with hand-sled, or otherwise" upon public ways except those designated by certain city officers, were authorized under G. L. (Ter. Ed.) c. 85, §§ 10, 10A.

---

[1] The companion cases are against the same defendant and were brought by Alfred Rapoza, Victorinho Rapoza, and Manuel Botelho, respectively.

Evidence that a boy was injured by colliding with a motor vehicle while
coasting in a toy wagon on a public way in violation of a city ordinance
required the conclusion that such violation was a proximate cause of
his injuries and precluded his recovering therefor in an action against
the operator of the motor vehicle.

FOUR ACTIONS OF TORT. Writs in the Third District
Court of Bristol dated August 1, 1938.

Upon removal to the Superior Court, the actions were
tried before *Good,* J.

*W. A. Torphy & J. P. McGuire, Jr.,* for the plaintiffs, sub-
mitted a brief.

*F. E. Smith,* (*W. J. Fenton* with him,) for the defendant.

DOLAN, J. These are actions of tort to recover compensa-
tion for personal injuries alleged to have been sustained by
the minor plaintiffs as a result of the collision of two four-
wheel coasters or wagons with an automobile owned and
operated by the defendant, and to recover consequential
damages. At the close of the evidence the defendant
moved for a directed verdict in his favor in each case. The
motions were denied subject to the defendant's exceptions.
Upon the return of a verdict for the plaintiff in each case,
the judge, with the assent of the jury, reserved leave to
enter verdicts for the defendant. Thereafter, upon motion
of the defendant, the judge entered a verdict for him in
each case under the leave reserved, and reported the cases
to this court for determination, the parties having stipu-
lated that if his action in entering verdicts for the de-
fendant was right, judgment is to be entered for the de-
fendant in each case, and that if his action in so doing was
erroneous, judgment is to be entered for the plaintiff in
each case in a certain sum, without costs.

The evidence would have warranted the jury in finding
the following facts: On September 7, 1937, the minor
plaintiffs, together with other boys, had been riding down
Everett Street, in Fall River, upon wagons made out of a
soap box or a board attached to four wheels. They had
been coasting down grade, starting at a point about two
hundred feet from the intersection of Everett Street with
Alden Street. In so doing they would make a right hand

turn into Alden Street at the intersection. The minor plaintiffs will be referred to hereinafter as Botelho and Rapoza.

Botelho was fourteen and Rapoza about ten years of age. At about five o'clock on the day of the accident they had started riding or coasting down the hill. Rapoza was about half a foot in front of Botelho. Botelho was not paying much attention to automobiles going up and down Alden Street, although he knew when he started down the hill on Everett Street that automobiles might go up or down Alden Street. He "could see anything coming" there if he looked as he came down Everett Street, but he did not look until he had reached a point about a yard from the intersection. He was watching Rapoza who looked back occasionally to see where Botelho was, but most of the time Rapoza kept his eyes on one of the wheels on the right hand side of his wagon because it was loose. For that reason he did not see the defendant's vehicle. The "farther down the hill they went the faster they got going." Reaching the intersection each turned his wagon to the right into Alden Street and "then 'Bang-O'. They were hit 'on the back' by the" defendant's vehicle. The defendant applied the brakes of his automobile which stopped in about thirty-six feet. There was evidence that at the time of the collision he had been operating his vehicle at a speed of about thirty to thirty-five miles an hour, and that his vision of "the street" was obstructed by a parked truck. Botelho and Rapoza sustained personal injuries and the defendant drove them to a hospital.

Section 46 of chapter 22 of the ordinances of the city of Fall River, relating to traffic, provides as follows: "It shall be unlawful for any person upon roller skates, or riding in or by means of any coaster, toy vehicle, or similar device, to go upon any roadway except while crossing a street on a crosswalk." That ordinance, as well as one forbidding coasting in any street or public place, "with hand-sled, or otherwise," except in a street or public place designated by the mayor and aldermen (c. 40, § 10 of the ordinances of the city of Fall River) was in force at the time of the acci-

dent, and neither of the streets involved had then been so designated. By c. 1, § 10 of the city ordinances the violation of any provision thereof is made punishable by a fine of not more than $20.

The plaintiffs have argued that under the provisions of G. L. (Ter. Ed.) c. 85, §§ 10, 10A, the municipal officers were without authority to adopt the provisions of the city ordinances prohibiting persons riding in or by means of "any coaster, toy vehicle, or similar device" from going "upon any roadway" and that the powers of the city with respect to the "use of sleds for coasting" on the public ways were limited to the regulation of coasting by sleds only. We do not concur in this argument. The authority of a municipality to make an ordinance regulating the use of sleds "or other vehicles" for coasting in and through the streets or public ways was sustained in *Richards* v. *Pass*, 277 Mass. 372, 375, where it is pointed out that this authority is derived from St. 1875, c. 136, § 1, and that it is "in substance contained in G. L. c. 85, § 10." By St. 1875, c. 136, § 1, authority was conferred upon municipalities to regulate "the use of sleds or other vehicles for coasting in and through the streets or public ways." Under G. L. (Ter. Ed.) c. 85, § 10, the words "or other vehicles" are omitted, but we think that in view of the provisions of that section as a whole their omission following the word "sleds" is of no moment. The authority delegated to municipalities by G. L. (Ter. Ed.) c. 85, §§ 10, 10A, relative to the "regulation of use of ways for certain purposes" is not limited to the regulation of the use of sleds for coasting, but extends to the regulation, among other uses, of the passage of "other vehicles" in the streets. Although the "'Legislature is the supreme authority in regard to public rights in the streets and highways' . . . [it] may delegate to municipalities the authority in such matters which it might itself have exercized directly." *Boston* v. *A. W. Perry, Inc.* 304 Mass. 18, 21, 22, and cases cited. We are of opinion that the ordinances here involved were validly adopted in the exercise of authority so delegated to the municipality. It follows that in the instant case the jury would be obliged to find that

at the time of the collision Botelho and Rapoza were acting in violation of the penal ordinances in question.

It is manifest that the purpose of the ordinances in the present case was to prevent dangers to the users of the way and to coasters, and that upon all the evidence the illegal conduct of Botelho and Rapoza in which they were engaged at the time they were injured was so intimately connected with their injuries as a proximate cause that as matter of law they are barred from recovery. *Boyd* v. *Ellison*, 248 Mass. 250, 254. *Labay* v. *Leiken*, 252 Mass. 579. *Query* v. *Howe*, 273 Mass. 92. *Richards* v. *Pass*, 277 Mass. 372. *Ahmedjian* v. *Erickson*, 281 Mass. 6, 8. Compare *Sadak* v. *Tucker*, 310 Mass. 153. Since this conclusion is the only rational inference to be drawn from the evidence, there was no error in the action of the judge in entering a verdict for the defendant in each case under leave reserved. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 379, and cases cited. *Joyce* v. *New York, New Haven & Hartford Railroad*, 301 Mass. 361, 363, 364, and cases cited.

It follows that in accordance with the stipulation of the parties judgment is to be entered for the defendant in each case.

*So ordered.*