JOSEPH L. REYNOLDS, JUNIOR, & another, *vs.* RUDOLPH R. JACOBUCCI.

Norfolk.          November 10, 1944. — January 4, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Municipal Corporations,* By-laws and ordinances. *Quincy. Way,* Public: skiing. *Negligence,* Skiing, Use of way, Violation of law. *Proximate Cause. Wanton or Reckless Conduct. Motor Vehicle,* Operation.

Skiing was within a provision of an ordinance of the city of Quincy prohibiting sliding "upon any . . . board or other vehicle for . . . sliding" "down, across or along" a street not reserved for coasting or sliding.

One who on skis slid down a private driveway to a city street, intending
to cross the street and continue on another private driveway, and,
not being able to complete the crossing, had turned and was "walk-
ing" back across the street with his skis on when he was struck and
injured by an automobile, was still voluntarily and actively in motion
on skis on the course of the ski run and as a matter of law was violat-
ing an ordinance prohibiting sliding "across" the street "upon any
. . . board or other vehicle for . . . sliding"; and such violation was
a proximate cause of his injuries barring him from recovery in an
action against the operator of the automobile based on negligence of
the defendant.

Evidence merely that, rounding a curve on a street where coasting and
sliding were prohibited under a city ordinance, the operator of an
automobile "gave" the automobile a "lot of gas" and continued,
without sounding his horn, up a slight grade toward a part of the
street where boys were skiing, and that, when he first saw one of the
boys about twenty feet away, he shut his eyes and applied his brakes
and continued for about twenty-nine feet after he collided with an-
other of them whom he had not seen, would not have warranted a
finding of wanton or reckless conduct on his part.

TORT. Writ in the District Court of East Norfolk dated
March 16, 1942.

On removal to the Superior Court, the action was tried
before *Swift,* J.

*M. Michelson,* for the plaintiffs.

*P. R. Frederick,* for the defendant.

WILKINS, J. This is an action of tort to recover for
personal injuries received on January 11, 1942, by the
minor plaintiff (hereinafter called the plaintiff), who was
struck by an automobile owned and operated by the de-
fendant on a public way in Quincy. The declaration
contained one count for negligence and another for "wil-
ful and reckless" operation. There was a third count by
the plaintiff's father for consequential damages. G. L.
(Ter. Ed.) c. 231, § 6A, inserted by St. 1939, c. 372, § 1.
The defence was that the plaintiff, when hurt, was violat-
ing an ordinance prohibiting coasting and sliding. At the
close of the evidence the judge granted the defendant's
motion for a directed verdict, and the plaintiffs excepted.

There was evidence tending to show the following:
The plaintiff and four other boys on a cold, clear Sunday
morning for forty-five minutes had been skiing down a

driveway between a house numbered 40 Rogers Street and a double house numbered 46–48 Rogers Street, Quincy. There were snow and ice on the ground. The driveway was about thirty feet long and seventeen feet nine inches wide with an eighteen per cent grade. The boys came down the driveway at intervals of about ten feet and if they had speed enough, as they had had on previous days, they continued across Rogers Street, which was about nineteen feet wide exclusive of two sidewalks each of the width of seven feet, and veering slightly to the left proceeded down a path by a garage on private property. This morning the snow was sticky, and the skiing was not very good. They could not go fast enough, although they were able to continue across the street. On the last trip down the hill prior to the injury to the plaintiff he was the second boy to start. The first boy "walked" on the farther sidewalk, reached the path and continued down. The plaintiff crossed the street but did not go upon the farther sidewalk. He turned around and started "walking" back across the street with his skis on. He got about half way and was opposite the middle of the driveway when he was struck by the right front fender of the defendant's automobile, which was ascending Rogers Street from the plaintiff's left. The "automobile was going so fast it took the plaintiff along" on the fender "to the middle of" the house at 46–48 Rogers Street, where it came to a stop. The distance from the middle of the driveway to the middle of the house was about twenty-nine feet. In the direction from which the defendant came on Rogers Street after rounding a curve there was an unobstructed view of two hundred feet to the driveway, on the nearer side of which there was a wall three feet five inches high. The defendant, who lived near by, and knew that a "lot of boys" might be found there, was alone on his way home. There were chains on the tires. Before reaching the curve he had a steep grade to ascend. He gave the automobile a running start and a "lot of gas." After rounding the curve there was only a slight grade, but he was not conscious of any difference in the amount of gasoline he was feeding the

motor.  The first he saw of any boy skiing out of the drive-way was on his left when the boy was about twenty feet away and ten feet from the point of collision.  This was the boy who skied down the hill after the plaintiff, but who kept himself from going into the street by falling on the sidewalk.  The defendant closed his eyes, jammed on the brakes, and opened his eyes again after the automobile stopped.  It did not skid.  He did not sound his horn.  He apparently did not see the plaintiff until after he had stopped.

Section 12 of the traffic regulations of the city of Quincy in force on January 11, 1942, was: "Streets Reserved for Coasting.  The Chief of Police is hereby authorized to erect on those streets, when conditions are suitable, and upon such streets as he may deem best, official traffic signs indicating that such streets are reserved for coasting.  Vehicular traffic is hereby prohibited from using such streets during the time such signs are displayed."  Section 15 of the ordinances was: "No person shall coast or slide down, across or along any of the streets or sidewalks of this city upon any sled, board or other vehicle for coasting or sliding, except as provided in the traffic regulations of the City of Quincy."  On that day Rogers Street was not reserved for coasting or sliding.

It is well settled that if the plaintiff were voluntarily sliding across a street not set apart for the purpose "upon any . . . board or other vehicle for . . . sliding," his vio-lation of the ordinance would bar recovery for injuries caused by negligence of the defendant.  *Botelho* v. *Margarida,* 312 Mass. 429, 433, and cases cited.  It is plain that skiing falls within the scope of the ordinance.  The plaintiff contends, however, that when struck he was "walking" on skis, and consequently was not sliding.  He also urges that it does not appear whither he was walking or whether he intended again to ski down the driveway and across the street.  We think that nevertheless his illegal act in skiing on the street "was so intimately con-nected with his injury as a proximate cause that as matter of law he is barred from recovery on the first count based

upon negligence." *Query* v. *Howe*, 273 Mass. 92, 96. See
*Labay* v. *Leiken*, 252 Mass. 579. This is not a case where
the action of the plaintiff was involuntary, as in *Towle* v.
*Morin*, 295 Mass. 583, 585, and *Wright* v. *Carlson*, 312
Mass. 584, 589. Also the illegal act had not ceased and
the plaintiff had not left the scene of the violation of the
ordinance, as in *Sadak* v. *Tucker*, 310 Mass. 153, 157.
Nor could the jury find that the plaintiff's illegal act had
spent itself and was merely a condition, and not a cause,
of an injury sustained by reason of a new and independent
act of negligence on the part of the defendant, after the
plaintiff's helpless position in a place of danger was known,
as in *Rocha* v. *Alber*, 302 Mass. 155, 157. Here the plain-
tiff was still actively in motion on skis on the course of
the ski run. This case falls within the principle of many
cases in addition to those above cited. *Boyd* v. *Ellison*,
248 Mass. 250, 253–254. *Richards* v. *Pass*, 277 Mass.
372, 376. *Ahmedjian* v. *Erickson*, 281 Mass. 6, 8. The
cases from other jurisdictions cited by the plaintiff are
not authorities to the contrary. There was no error in
granting the motion for a directed verdict on the count
based on negligence or in admitting the traffic regulation
and the ordinance in evidence.

There also was no error in granting the motion for a
directed verdict on the count based on "wilful and reck-
less" operation of the automobile. The evidence fails to
show such "indifference to or disregard of probable conse-
quences" to another as to amount substantially to "a
difference in kind" from negligence. See *Commonwealth*
v. *Welansky*, 316 Mass. 383, 399; Am. Law Inst. Restate-
ment: Torts, § 500. Whether the defendant's conduct
was wanton or reckless depends upon all the circumstances
attending the operation. *Kohutynski* v. *Kohutynski*, 296
Mass. 74, 77. There was no evidence that the speed of
the automobile was unreasonable. Merely that it was
going "so fast" as to carry the plaintiff along on the fender
has no tendency to show that the rate of speed was even
merely excessive or unreasonable. *Marcienowski* v. *Sanders*,
252 Mass. 65, 67. *Desautels* v. *Massachusetts Northeastern*

*Street Railway*, 276 Mass. 381, 384.   The same is true of the running start and the giving of a "lot of gas."   Compare *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 171–172.   There was no evidence that the defendant knew that boys might be skiing, and he had a right to assume that they would not be doing so in violation of the ordinance.   *Query* v. *Howe*, 273 Mass. 92, 96.   See *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, 425.   Any failure to blow the horn was not "wilful and reckless" operation.   *Kenney* v. *Boston & Maine Railroad*, 301 Mass. 271, 275.   The defendant neither saw the plaintiff nor knew that he was where he might be injured.   See *Foley* v. *Wesson Memorial Hospital*, 246 Mass. 363, 365–366; *Sullivan* v. *Napolitano*, 277 Mass. 341, 343–344.   The momentary and probably instinctive closing of the defendant's eyes, as the brakes were applied, had no causal relationship with the plaintiff's injuries.   See *Adamian* v. *Messerlian*, 292 Mass. 275, 277; *Souza* v. *Mello*, 304 Mass. 552, 553–554.

The count for consequential damages falls with the others.   *Thibeault* v. *Poole*, 283 Mass. 480, 486.

*Exceptions overruled.*