ROBERT M. McCULLOUGH & another *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Essex.    November 8, 9, 1950. — February 1, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Negligence*, Motor vehicle, Violation of law. *Way*, Public: coasting. *Municipal Corporations*, By-laws and ordinances. *Evidence*, Presumptions and burden of proof. *Practice, Civil*, Exceptions: whether error harmful; Charge to jury. *Error*, Whether error harmful.

Evidence of the circumstances in which a boy coasting on a sled out onto a street from an intersecting street was struck by a motor bus warranted a finding that the operator of the bus, observing the approach of the boy while the bus was moving slowly, was negligent in failing to take speedier action than he did to stop the bus and avoid the collision.

A finding that a boy was not voluntarily coasting down a hill on a public street on an occasion when he was struck by a motor vehicle, and hence was not violating a municipal by-law prohibiting coasting on that street, was warranted by evidence that, after he had lent his sled to another child and while he was lying on a sled of the other child in the street, not intending to coast, someone pushed him and started the sled with him on it downhill, and that he tried to stop it but was unable to do so; and it was immaterial that earlier that day he had been coasting on his own sled on the street and that he had in-

tended to resume coasting thereon when his own sled was returned to him.

In an action for injuries sustained by a boy when he was struck by a motor vehicle of the defendant while coasting on a public street, the burden of proving that the boy was violating a municipal by-law prohibiting coasting was on the defendant.

An exception to an erroneous statement of law in a charge to a jury was overruled where the judge later in the charge properly stated the law and so corrected the error.

TORT. Writ in the Superior Court dated February 24, 1948.

The action was tried before *Warner*, J.

*R. W. Reardon*, (*W. H. K. Donaldson* with him,) for the defendant.

*G. J. Tauro*, for the plaintiffs.

LUMMUS, J. Robert M. McCullough, a boy born December 6, 1942, alleges a claim for personal injuries, and his father Charles T. McCullough joins in a count for consequential damages (St. 1939, c. 372, § 1, now G. L. [Ter. Ed.] c. 231, § 6A), in an action of tort, because of an accident at the intersection of Lincoln Avenue and Wendell Street in Saugus, in which a passenger bus of the defendant operated by its servant, on January 14, 1948, struck a sled upon which Robert was riding and injured him. There was a verdict for the plaintiff on each count. The exceptions of the defendant bring the case here. There was evidence to the following effect.

The plaintiffs live on Wendell Street which descends into Lincoln Avenue. Robert had been sliding on a sled down Wendell Street on the day of the accident, turning into a yard before reaching Lincoln Avenue. He had let another child have his sled, and was lying on that child's sled in the middle of Wendell Street without intending to coast on it. Someone pushed him, and the sled with him on it started down the hill. He tried to stop, but could not, and was hit by the bus.

The operator of the bus testified that he was operating it on Lincoln Avenue at a speed of ten to fifteen miles an hour, when at least thirty feet from Wendell Street he saw the boy

coming down, fifteen or twenty feet from Lincoln Avenue. He knew that there were many children about, that they were coasting, and that he had to have his bus under complete control. His bus was travelling at about ten miles an hour. He could have stopped the bus in twenty feet. He judged that the boy was in a position of great danger. When he saw the boy, he applied his brakes and swung the bus to the left.

We think that there was evidence of the negligence of the defendant's operator, and that the defendant's motion for a directed verdict was rightly denied. Speedier action by the operator in stopping the bus would probably have prevented the accident, or at least the jury might have so found. It could have been found that the boy used reasonable care to prevent the sled from sliding down.

It appeared that a by-law of the town of Saugus provided that "No person shall coast or skate on any street or public place excepting on such streets as may be designated by the selectmen, and on public playgrounds." It was not contended that coasting on Wendell Street had been permitted, and the judge instructed the jury that coasting on Wendell Street was forbidden. Our next inquiry must be, whether the boy was coasting in violation of the by-law.

On the evidence of the boy it could have been found that the sled started down the hill because of the act of another child, that the boy did not coast voluntarily, and that he made every reasonable effort to stop the sled. If this were found, he was not violating the by-law, and was not barred from recovery. *Towle* v. *Morin*, 295 Mass. 583, 586. *Wright* v. *Carlson*, 312 Mass. 584, 589. *Reynolds* v. *Jacobucci*, 317 Mass. 500, 504. Whether the boy intended to resume coasting when his own sled was returned to him was immaterial, and for that reason there was no error in refusing the defendant's seventh request for instructions.[1] What has been

---

[1] "If you find that the plaintiff, Robert, had been engaged in the act of coasting on Wendell Street and that he intended to continue coasting had no accident occurred, the fact that he had temporarily stopped sliding down the hill and was lying on another sled does not interrupt the general act of coasting, and you must find for the defendant." — REPORTER.

said shows that there was no error in granting the sixth request of the plaintiffs by telling the jury in substance that to bar recovery the boy must have been coasting voluntarily.

The defendant excepted to the following instruction to the jury. "If this plaintiff was violating and disobeying the law . . . and was in that act of disobeying it, then this defendant owed him no duty except to refrain from ordinary negligence — or at least, he owed no such duty, and the plaintiff cannot recover." The judge rightly instructed the jury that the defendant had the burden of proving violation of the by-law. *Conroy* v. *Mather*, 217 Mass. 91, 95. *Copithorn* v. *Boston & Maine Railroad*, 309 Mass. 363, 369–371. If the judge in effect charged the jury that ordinary negligence would make the defendant liable to a violator of the by-law, such a charge would constitute error. *Query* v. *Howe*, 273 Mass. 92, 96. *Reynolds* v. *Jacobucci*, 317 Mass. 500.

But the part of the charge already quoted did not stand alone. Shortly after that part, after stating that the burden was on the defendant to prove voluntary coasting, the judge said that "if the defendant has satisfied you [of that], then that is the end of this case and you will bring in a verdict for the defendant on both counts." This was the last word on the subject, and corrected anything to the contrary said earlier. *Partridge* v. *United Elastic Corp.* 288 Mass. 138, 145.

In the event of the result which we reach, the plaintiffs waive their exceptions.

*Defendant's exceptions overruled.*
*Plaintiffs' exceptions dismissed.*