*Southern District*

No. 7718

## ESTHER DOYLE, p.p.a.
### v.
## FLORENCE L. ROGERS

*Welch, J.* This is an action of tort for personal injuries by reason of the negligent operation of a motor vehicle by the defendant, on White Avenue, a public way in Brockton. (Callan, J.)

There was evidence tending to show that the plaintiff is an *eight year old girl* who lived near

White Avenue. Adjoining this avenue on its south side was a slight grade or hill which ran into White Avenue at the bottom of that slope.

The hill, sidewalks and edges of the street were covered with snow. The street was slippery with ice. At about four o'clock in the afternoon of December 17, 1951 a number of children were sliding down the hill on sleds near White Avenue and stopping at the edge of the sidewalk.

The plaintiff who had been previously sliding down the hill with the other children, was sitting on her sled about halfway up the hill with the others, facing White Avenue. *Without her consent and knowledge and against her will,* some other children pushed the plaintiff and her sled down the slope. In spite of her attempts to stop the sled it went across the sidewalk and into the street on White Avenue. After the sled had gone about two feet past the sidewalk into the street, the plaintiff was struck by the automobile operated by the defendant and received personal injuries.

The defendant testified that she was operating her automobile at that time in an easterly direction on White Avenue, going 10 to 15 miles an hour; that she did not see the children and the plaintiff in the area nor did she see the hill where the children were sliding until she hit the plaintiff's sled. She testified that she traveled that way before and was familiar with the area but did not see the plaintiff nor the hill where the children were sliding.

Another witness for the defendant testified that there was an accumulation of snow and that the bang attracted his attention to the accident; that the sled was hit by the right front wheel of the defendant's automobile.

The plaintiff duly filed the following requests for rulings; which the Court denied:

2. Evidence that the operator of the defendant's automobile failed to stop sooner to avoid the accident warrants a finding that she was negligent.

5. Based upon all the evidence, a finding is warranted that the defendant was negligent and the plaintiff is entitled to recover for injuries.

There was no error in the denial of request No. 2. It was a request for a ruling upon the effect of a single fact, leaving out other material facts which existed in the case. *Coffin v. Grace*, 198 Mass. 104, 109.

**There was error, however, in the denial of No. 5.**

The point has not been taken that this request was not in conformity with Rule 27 of the District Courts which requires specifications of the grounds upon which a request for ruling "upon all evidence" is based. The plaintiff, therefore, is not entitled as of right to review by this Division of the refusal of the request. This Division has discretion to review such refusal and the request, therefore, is considered on its merits. *McKenna v. Andreassi*, 292 Mass. 213, 215, 216. *Hoffman v. Chelsea*, 315 Mass. 54, 55.

The denial of the request, without a special finding or special findings of fact, was equivalent to a ruling as a matter of law that on the evidence a finding for the plaintiff could not have been made, or in other words that as a matter of law the evidence required a finding for the defendant. *Hoffman v. Chelsea*, 315 Mass. 54 @ 55. The evidence did warrant a finding for the plaintiff.

The facts are similar in many respects to those in *McCullough v. Eastern Mass. St. Ry.*, 326 Mass. 714, except that in that case there was evidence that the bus operator saw the boy sliding on a sled down a hill and he knew that there were many children coasting on the street.

The judge in this case could have found that the defendant was negligent in driving on a street that was slippery with ice, ten to fifteen miles an hour, and that she was negligent in not seeing the hill or the children who were sliding on it in an area with which she was familiar.

There was prejudicial error in the refusal of the

plaintiff's request No. 5. *Finding for defendant vacated and a new trial ordered.*

Thomas H. Saad, for the plaintiff.

Badger, Pratt, Doyle & Badger, for the defendant.