SUZANNE R. LEBLANC & another [1] *vs.* WALTER W. WELCH,
JUNIOR
(and a companion case [2]).

Middlesex.    May 4, 1955. — November 8, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Coasting, Use of way, Violation of law. *Way,* Public: coast-
ing. *Proximate Cause. Practice, Civil,* Amendment; Exceptions:
whether error harmful. *Error,* Whether error harmful.

The plaintiff in an action for personal injuries was bound by her testimony
as to the occurrence of an accident causing her injuries where there
was no evidence more favorable to her. [209]
An illegal act of a girl in coasting on a sled on a street where coasting was
forbidden by a by-law of the town was a proximate cause of and
barred recovery by her in an action for personal injuries sustained
when, after she had coasted out onto another street and "had just
barely got to . . . [her] feet" off the sled and was "standing," she was
struck by an automobile alleged to have been operated negligently by
the defendant. [210]
In actions for personal injuries against the owner and an̆ operator of an
automobile originally based on negligence in its operation, there was
no abuse of discretion in denying a motion presented by the plaintiff
during the trial to add a count to the declarations alleging illegal
registration of the automobile. [210]
Error, if any, in the admission in an action by a girl for personal injuries
of certain regulations purporting to forbid coasting on a street on which
the plaintiff was struck by the defendant's automobile after she had
coasted onto it from an intersecting street was harmless where her
coasting on the intersecting street was illegal, was a proximate cause of
her injuries, and barred her recovery. [210]

TWO ACTIONS OF TORT.    Writs in the Superior Court dated
January 6, 1949.

The actions were tried before *Hurley,* J.

*William F. A. Graham,* for the plaintiffs.

*Edward R. Langenbach,* for the defendants.

[1] Anthony LeBlanc, father of Suzanne.

[2] The companion case is by the same plaintiffs against Edward C. Johnson.

COUNIHAN, J.   These are actions of tort to recover for personal injuries received on February 12, 1948, by a minor, hereinafter called the plaintiff, who was struck by an automobile owned by Welch and operated by Johnson, his employee, on a public way in Arlington.   Each declaration contained a count for such personal injuries and another count for consequential damages by the plaintiff's father, both based on negligence.   During the trial the plaintiffs sought to amend each declaration by adding a count alleging that the automobile was illegally registered.   The motions to amend were denied and the plaintiffs duly excepted.   The defence was that the plaintiff, when injured, was violating a town by-law prohibiting coasting.   These actions were tried to a jury who returned verdicts for the plaintiffs under leave reserved.   Upon motions the judge entered verdicts for the defendants.   The actions come here upon exceptions of the plaintiffs to the entry of such verdicts and to the denial of the motions to amend, and upon other exceptions of the plaintiffs hereinafter referred to.   There was no error. The defendants also claimed exceptions which they agreed to waive if the exceptions of the plaintiffs are not sustained. We therefore do not consider them.

There was evidence tending to show the following: On the day of the accident Johnson was operating an automobile owned by Welch, his employer, on business of Welch, on the Mystic Valley Parkway in Arlington.   It was near dark on a clear, fair day.   It had snowed a few days before and there were snow banks on both sides of the parkway which were at least four feet high.   The parkway was icy and there were four ruts in the snow and ice, some of which went down to the bare ground.   Mystic Valley Parkway is within the limits of the town of Arlington but is under the control of the metropolitan district commission.   Hayes Street is a public way in Arlington.   It runs downgrade to the parkway but does not cross it.   Johnson was driving on the parkway in second speed at the rate of fifteen miles an hour.   When he reached the intersection of Hayes Street he heard some children scream and at the same instant they

"shot out of Hayes Street on a sled" and struck the right front end of his automobile. He "felt a bump" but he did not see the children hit the automobile. He stopped the automobile within a couple of feet and got out. The children were at the front wheel of the automobile and the sled was under the front bumper. When he first saw the children they were on the sled but when he got out they were a few inches back of the front wheel. The plaintiff, who was between nine and ten years old at the time of the accident, gave several versions of the way in which it happened. She finally left it that she did not see the automobile before the impact because she was looking across the street when hit. She was coasting on Hayes Street. She was steering the sled with another girl in back of her on the sled. She coasted out into the parkway. She did not mean to go out into the parkway. She could not help coasting into the parkway as she was going too fast to stop. She got off the sled after they got out on the parkway and then the automobile hit her. "We had just barely got to our feet, and we were standing." All of the evidence as to the conduct of the plaintiff prior to the accident came from the plaintiff. There was no evidence in the record more favorable to her so she is bound by her testimony. *Johnston* v. *Senecal*, 329 Mass. 556, 557.

There was in evidence a by-law of Arlington which reads, "No person shall coast or skate on any street or sidewalk where same has been forbidden by the Selectmen." There was also in evidence a certified copy of regulations adopted by the selectmen permitting coasting on certain ways in Arlington on the day of the accident. Mystic Valley Parkway and Hayes Street were not included in the ways upon which coasting was permitted. There was also in evidence over the objection and exception of the plaintiffs a regulation of the metropolitan district commission prohibiting coasting on any reservation except at such times and places as may be designated by it. Mystic Valley Parkway was not so designated on the day of the accident.

It is well settled that, if the plaintiff was coasting on a way not set apart for that purpose, her violation of the town by-law would bar recovery for injuries caused by negligence of the defendants. The plaintiff contends, however, that when hit she had abandoned coasting and was standing in the street. We are of opinion that her illegal act in coasting on Hayes Street "was so intimately connected with . . . [her] injury as a proximate cause that as matter of law . . . [she] is barred from recovery . . . based upon negligence." *Query* v. *Howe*, 273 Mass. 92, 96. *Botelho* v. *Margarida*, 312 Mass. 429, 433. *Reynolds* v. *Jacobucci*, 317 Mass. 500, 503, and cases cited. The judge was correct therefore in entering verdicts for the defendants under leave reserved.

There was no error in denying the motions to amend the declarations to include a count based upon illegal registration of the automobile involved. The general rule is that a denial of a motion to amend is discretionary and no abuse of discretion is here shown. *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 477. There was likewise no error in the admission of the regulations of the metropolitan district commission. But assuming without deciding that such regulations were improperly admitted, it was harmless error. It was the coasting on Hayes Street which was the proximate cause of the accident and barred recovery for injuries received.

We have considered all other exceptions of the plaintiffs, some of which were argued and some of which were not (Rule 13 of the Rules for the Regulation of Practice before the Full Court [1952], 328 Mass. 698), and find some of them waived and all of them without merit.

*Plaintiffs' exceptions overruled.*
*Defendants' exceptions dismissed.*