JACK REYNOLDS *vs*. SIDNEY STILLMAN (and a companion case). December 7, 1956. Exceptions overruled. These are actions of tort in one of which Jack Reynolds, a minor, seeks to recover for personal injuries and in the other his father, Albert, seeks to recover consequential damages on account of an accident in which Jack was struck by an automobile operated by the defendant. The actions come here upon the exceptions of the plaintiffs to the allowance of motions for directed verdicts for the defendant. The evidence in its aspects most favorable to the plaintiffs was that Jack, a boy nine years old, who lived at number 153 on the southerly side of Nichols Street, Everett, had been coasting on this street on December 7, 1949. He started coasting from the top of a driveway between houses numbered 168 and 174 on the northerly side of Nichols Street with other boys. From the top of this driveway there was a sharp incline into Nichols Street. "Once or twice" before the accident occurred he started at the top of the driveway and coasted into Nichols Street where he turned to the right and continued coasting on the street until his sled lost its momentum. Just before this accident happened he coasted out of the driveway in this manner and ended up near the opposite or southerly side of the street. He then got off his sled and walked onto the sidewalk. He walked up the sidewalk. When he reached a point opposite the driveway from which he had begun to coast he started to cross the street, dragging his sled behind. He took one or two steps when something happened which he could not remember. There is no doubt that he was struck by the automobile of the defendant at some spot on Nichols Street the location of which is in dispute. Apparently he did not intend to go to his home for that was on the same side of the street west of the point at which he had started to walk. It is reasonable to infer that, because he left the sidewalk at a place opposite the driveway, he intended to cross to the northerly side and resume his coasting. It was agreed that Nichols Street was not a street where coasting was permitted by the ordinances of Everett. It is well settled that, if Jack was coasting on a way not set apart for that purpose, his violation of the ordinance would bar recovery even if his injuries were caused by the negligence of the defendant. The plaintiffs contend, however, that when Jack was hit he had abandoned coasting and was merely a pedestrian. We are of opinion that his illegal act of coasting and his intention to continue to do so were "so intimately connected with his injury as a proximate cause that as matter of law he is barred from recovery." *Query* v. *Howe*, 273 Mass. 92, 96. *Botelho* v. *Margarida*, 312 Mass. 429, 433. *Reynolds* v. *Jacobucci*, 317 Mass. 500, 503. *LeBlanc* v. *Welch*, 333 Mass. 207, 210. *Sadak* v. *Tucker*, 310 Mass. 153, 157, relied upon by the plaintiffs, is distinguishable on the facts. The action for consequential damages falls with the first action. *Thibeault* v. *Poole*, 283 Mass. 480, 485.

*Joseph L. Tauro*, for the plaintiffs.
*Walter F. Henneberry*, for the defendant.