**Everett T. HUSTAD and Gertrude E. Hustad, Plaintiffs-Appellants,**

v.

**John COONEY, Jr., Defendant-Respondent.**

No. 22593.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1957.

Thomas M. Sullivan, Kansas City, for appellants.

Stanley W. Baker, John J. Alder, Kansas City, for respondent.

SPERRY, Commissioner.

This is a suit by plaintiffs, the father and mother of Paul Hustad, their 12 year old son, to recover damages for loss of services, medical bills, etc., as a result of his having been struck by an automobile operated by defendant. Plaintiffs had a verdict and judgment in the amount of $2,000 but, upon motion, the court set it aside and entered judgment for defendant. Plaintiffs appeal. The grounds given for the court's order was that plaintiffs were guilty of contributory negligence as a matter of law.

The evidence was to the effect that plaintiffs lived in Kansas City, within a few blocks of the intersection of Topping and Anderson Streets; that Topping is, by ordinance, a one-way street, travel being from south to north; that travel is permitted both ways, east and west, on Anderson; that the accident herein occurred after dark the night of February 3, 1954; that Paul Hustad (hereafter referred to as Paul) asked his mother's permission to go sleigh riding after supper; that she gave permission and knew where he was going; that, together with another boy of about Paul's age, he coasted on his sled, down Anderson and into the Topping intersection without stopping; that there is a stop sign at Topping, requiring that traffic entering from Anderson stop before entering the intersection; that Paul knew the sign was there and knew that Topping was a one-way street, traffic moving from south to north. He said that he looked to the south for traffic, as he reached the intersection, but did not look to the north; that both Anderson and Topping were covered with snow and ice, and were very slick, but that he could have stopped the sled by turning it crosswise with its course; that, after the sled entered the intersection it struck the automobile being driven by defendant, at a point at about the front door; that the automobile was travelling south; that Paul, in some way, was thrown under the vehicle, his arm being caught between the front axle and the spring; that he was dragged a distance of about 85 feet, south on Topping, suffering serious injuries.

Mrs. Hustad admitted that she had given Paul permission to go sleighing and knew where he had gone.

Mr. Hustad denied that he knew that Paul was sleighing on this occasion but admitted that he had accompanied him to Topping and Anderson on the previous evening, where he engaged in riding his sled.

It was shown that Kansas City had an ordinance, then in effect, which made it unlawful for anyone to engage in sled riding or skating on any street in the city unless said street had been previously designated by an official order for that purpose, had been barricaded and lighted for safety reasons, and the proper authorities notified thereof so as to be able to direct traffic around or away from such streets. Neither Topping nor Anderson had been so designated, lighted, or barricaded on this occasion. Paul said there were no barricades but denied that he knew of any ordinance making it unlawful to skate or go sleighing on a street not barricaded.

■ Defendant admitted that, at the time the accident occurred, he was driving south on Topping and that it was a one-way street, traffic being required to move from the south to the north. Such conduct by an adult constitutes negligence per se. Dickerson v. St. Louis Public Service Company, Mo., 286 S.W.2d 820, 824.

■ Defendant does not contend, on this appeal, that he was not negligent; but

he relies, first, on his contention that Paul was contributorily negligent, as a matter of law and that, by reason thereof, plaintiff's action is also barred. No Missouri case is cited in support of that contention but such rule is declared in 67 C.J.S. Parent and Child § 47, p. 752.

In support of the proposition that Paul was guilty of contributory negligence as a matter of law defendant cites Pardy v. Kendall, 262 App.Div. 858, 28 N.Y.S.2d 185, which supports defendant's contention. However, in that case, two of the five judges dissented. He also cites Frazier v. Reinman, 230 App.Div. 394, 245 N.Y.S. 32, where it was held that the last chance doctrine had no application. It is not clear that the infant plaintiff's recovery therein would have been barred solely because of his violation of an ordinance against sledding. Defendant also cites LeBlanc v. Welch, 333 Mass. 207, 129 N.E.2d 908, which holds that an infant coaster, in violation of an ordinance, is precluded from recovery for injuries received as a result of a collision with an automobile. There was no evidence stated showing that defendant was guilty of any negligence.

However, in Locklin v. Fisher, 264 App. Div. 452, 36 N.Y.S.2d 162, it was held that a 12 year old boy who rode a bicycle onto a public highway, without stopping, in violation of an ordinance, was not guilty of contributory negligence as a matter of law; that the question of his negligence was for the jury; and in Poplet v. Surface Transportation Corporation, City Ct., 109 N.Y.S. 2d 871, 876, a similar conclusion was reached. There plaintiff was roller skating in a public street, in violation of an ordinance.

In Fightmaster v. Mode, 31 Ohio App. 273, 284, 167 N.E. 407, it was held that it was error to instruct that a 13 year old boy was guilty of contributory negligence, as a matter of law, in having crossed a public street at a place other than one designated for use of pedestrians, and without having looked before stepping onto the street, all in violation of statute and ordinance.

This court, in Doran v. Kansas City, Mo. App., 237 S.W.2d 907, 912, quoted with approval from the opinion in the Fightmaster case, and held that the effect of violation of an ordinance by an infant " * * * is not to create contributory negligence per se as in the case of adults."

This court is committed to the rule that an infant violator of an ordinance may not, like an adult, be held to be negligent as a matter of law, but that the question of his negligence is one for the jury, under all of the evidence.

■■■ The trial court sustained defendant's motion to set aside the judgment in favor of plaintiffs on certain specified grounds, to wit: that plaintiffs were contributorily negligent as a matter of law. (Presumably because they knew, and consented to Paul Hustad's coasting on the public streets in violation of the above city ordinance.)

There is evidence from which it might be found that plaintiff Gertrude Hustad knew and approved of Paul's coasting in a place prohibited by ordinance; but there is no evidence from which it may be concluded that plaintiff Everett Hustad knew or approved of Paul's coasting on the occasion and at the time and place in question. He did not admit to knowledge of such facts. There was no evidence on the question other than his own testimony, tending to prove such knowledge. The facts establishing contributory negligence as a matter of law must be clearly shown. All evidence favorable to plaintiffs on that issue must be accepted as true and such evidence as is favorable to defendant must be disregarded. Parsons v. Noel, Mo., 271 S.W.2d 543. We do not find sufficient evidence to support a finding that plaintiff, Everett Hustad, knew and consented to Paul's coasting, at the time and place where and when the injury occurred, even if it be conceded that such knowledge and consent on the part of *both* parties would bar this action on the grounds of contributory negligence, based on that

fact alone. However, the law is well settled in Missouri to the effect that the contributory negligence of one parent will not bar an action by both for injuries to their minor child. Herrell v. St. Louis-San Francisco R. Co., 324 Mo. 38, 23 S.W.2d 102, 69 A.L.R. 470; Dooley v. Dooley, Mo.App., 290 S.W. 2d 856, 858. Indeed, defendant does not contend that the law is otherwise.

Under the facts herein, the judgment should be reversed and the cause remanded with directions to reinstate the judgment of $2,000 in favor of plaintiffs.

PER CURIAM.

· The foregoing opinion of Sperry, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded with directions to reinstate the judgment of $2,000 in favor of plaintiffs.

All concur.