Hillsborough,
No. 5059.

FREDERICK CODDING *by his mother and next friend*

*v.*

CLAIRE G. MAKRIS.

Argued December 4, 1962.

Decided January 31, 1963.

382

*Manning & Sullivan* (*Mr. James A. Manning* orally), for the plaintiff.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Richard C. Kohls* (*Mr. Kohls* orally), for the defendant.

KENISON, C. J. The jury were instructed that if the plaintiff violated the so-called coasting statute (RSA 570:13) and the violation was causal of the accident, he could not recover. The instructions given were consistent with the standards set forth in Restatement (Second), Torts (Tent. draft No. 4, 1959) s. 283A, *comment* b: "A child of tender years is not required to conform to the standard of behavior which it is reasonable to expect of an adult. His conduct is to be judged by the standard of behavior to be expected of a child of like age, intelligence, and experience." See also, *Charbonneau v. MacRury,* 84 N. H. 501, 506; *Shimkus v. Caesar,* 95 N. H. 286, 288. The plaintiff's counsel argues that the statute has no application to this case because the plaintiff was using a child's sled approximately four and one-half feet in length. It is contended that the statute applies only to sleds ". . . used to transport bulky objects, or a sleigh or any other vehicle that when coasting uncontrolled was by reason of its bulk and weight a danger to travelers."

The coasting statute reads as follows: "COASTING. No person shall coast or slide, upon a sled or other vehicle, upon or over a sidewalk, nor in a highway, in a village or thickly settled portion of a town or city, to the danger of travelers. Provided, however, that the board, council or commission of any city, authorized to establish street traffic regulations or the selectmen of any town, may designate one or more streets for coasting and may adopt rules regulating the use of said streets by vehicles." RSA 570:13. The first sentence of the statute was originally enacted by Laws 1883, *c.* 69, *s.* 1, and the second sentence was added by Laws 1947, *c.* 120.

The coasting statute was cited but not construed in *Miller* v. *Daniels*, 86 N. H. 193 and *Praded* v. *Magown*, 88 N. H. 405, and there have been other cases where the dangers of coasting by children have been considered without any citation of the statute. *Osgood* v. *Maxwell*, 78 N. H. 35; *Grealish* v. *Odell*, 89 N. H. 130. In all these cases, as well as in *Cleveland* v. *Reasby*, 92 N. H. 518, it appears to have been assumed that coasting on highways in the thickly settled portion of a municipality by children on sleds, small or large, could be a danger to the traveling public. We find nothing in the history of the coasting statute which would support the plaintiff's contention that the phrase therein "sled or other vehicle" excludes sleds used by children in coasting. Decisions in other jurisdictions likewise indicate that a coasting statute was aimed at regulating coasting by children. Annots. 20 A.L.R. 1433; 109 A.L.R. 941; 21 N.C.C.A. (n.s.) 106. We conclude that the Trial Court was correct in applying the coasting statute to this case. The second sentence of this coasting statute (RSA 570:13) added in 1947 (Laws 1947, c. 120), which enables municipalities to designate streets for coasting, is a clear indication that the statute is applicable to coasting by children.

It is argued that "on the evidence that plaintiff was a pedestrian and not a coaster." The plaintiff was unable to recall how the accident occurred and the defendant did not see the plaintiff before the collision. The damage to the sled, the plaintiff's injuries and the testimony of other witnesses indicated that the plaintiff was on the sled at the time of the collision. There was no evidence that the plaintiff was standing or walking prior to the impact of the defendant's car even if there had been time to do so. See Annot. 30 A.L.R. 2d 866. If the plaintiff's coasting had momentarily stopped prior to the impact because the sled hit a portion of Canal Street which was barren of snow, this was not an abandonment of the coasting operation. *LeBlanc* v. *Welch*, 333 Mass. 207. It was not error for the Trial Court to leave for the determination of the jury the question whether the plaintiff had violated the coasting statute and, if so, whether it caused or contributed to cause the accident. *Cf. Crook* v. *Parkhurst*, 89 N. H. 280.

There was evidence in this case from which the jury could find that the defendant was negligent. See *Bernard* v. *Russell*, 103 N. H. 76, 78. However, the burden of proving contributory

fault on the part of the plaintiff was properly placed upon the defendant (RSA 507:8) and the jury on the evidence were justified in finding that this burden had been met. While dicta in some of the earlier cases indicated that violation of the coasting statute or coasting in the thickly settled portion of a municipality would preclude recovery as a matter of law (*Osgood* v. *Maxwell*, 78 N. H. 35; *Miller v. Daniels*, 86 N. H. 193; *Praded* v. *Magown*, 88 N. H. 405), the Trial Court properly left the question of causation for determination by the jury. See *MacDonald* v. *Appleyard*, 94 N. H. 362, 365; 2A Blashfield, Cyclopedia of Automobile Law and Practice, s. 1503.

*Exceptions overruled.*

All concurred.