*Northern District*

No. 7029

## HARRIET T. FOLEY,
and another

v.

## ROSE M. VALENTINE,
and another

Argued: Apr. 30, 1969.  Decided: Sept. 4, 1969.

*Present:* Connolly, J. (Presiding), Parker, Durkin, J. J.

Case tried to *Yesley, J.,* in the First District Court of Eastern Middlesex #1264

*Durkin, J.* *This is an action of tort* for personal injuries sustained by a minor and for consequential damages claimed by her mother, arising out of a coasting accident which occurred in Medford on January 13, 1966. The judge made a finding against the defendant auto-

mobile operator for the minor plaintiff in the amount of $3500.00, and for the mother of the minor plaintiff on her count for consequential damages in the amount of $450.50. The judge made findings of fact in the "Court's Decision" which is incorporated in the report.

The defendant claims to be aggrieved by the judge's denial of her requests for rulings, as follows.

"1.  On all the evidence, as a matter of law, the defendant was not negligent.

3.  On all the evidence, as a matter of law, a finding that the negligence of the defendant proximately caused the alleged injuries and damage is not warranted.

4.  As a matter of law, the plaintiff's conduct and activities were in violation of the laws, ordinances and regulations of. the City of Medford, Massachusetts."

Request number 1 asks for a ruling of law that the defendant was not negligent. It is obvious from the recitation in the "Court's Decision" that there was ample evidence from which the judge could find negligence on the part of the defendant operator. She knew before entering her car in her garage that children were coasting; as she backed out of her driveway into the street, her view was obstructed by a stone wall and by snow piled up four to five feet on the upper side of her driveway.

She took no measures, it is expressly found,

to warn the children or to insure that the way was clear before backing out onto the street. Nor was there any evidence that she sounded her horn while backing out. From the recited testimony set forth at length in the decision, the judge would have been warranted in finding that the defendant did not stop even after the plaintiff, finding herself unable to stop for the car backing out of the driveway, screamed to the driver. We cannot say that the judge was plainly wrong in finding negligence based on the facts found. See *Hinsk* v. *Pitaro,* 284 Mass. 109; *Dowd* v. *Tighe,* 209 Mass. 464; *Clouatre* v. *Lees,* 321 Mass. 679; *Ruggiero* v. *Mello,* 333 Mass. 295. And a ruling as a matter of law that the defendant was not negligent was not required.

In request for ruling number 3, the defendant asks for a ruling of law also that a finding is not warranted that the defendant's negligence proximately caused the alleged injuries. The judge could have found from the evidence recited in his decision that the plaintiff, after making four or five runs and with other children coasting in the same area, started to make another slide at a time when there were no automobiles in sight and that when about halfway down she saw defendant's car backing out of the driveway; that the plaintiff screamed to the driver and tried to drag her feet to stop the sled, but due to the icy conditions, could not stop and that, with the car

continuing to back out, the plaintiff hit the side of the car at the middle, causing her to sustain her injuries. The judge found expressly that the plaintiff was free of contributory negligence. Except as to the application of an ordinance relating to coasting which is discussed hereinafter, the judge's finding as to the lack of contributory negligence falls within familiar principles. It could not be ruled as a matter of law that the plaintiff was contributorially negligent or that her conduct was the proximate cause of her injuries. Based on his findings of fact, we cannot say that the judge's conclusion was plainly wrong, so that he was required as a matter of law to find the plaintiff to be contributorially negligent.

The defendant claims to be aggrieved by the judge's denial of defendant's Request number 4, which asks for a ruling of law that the plaintiff is barred by reason of her having violated the "laws, ordinances and regulations of the City of Medford, Massachusetts." We must look to the recitations in the report for the facts. It is provided in Chapter 23, Section 20 of the Ordinances of the City of Medford that "no person shall coast in any street or public ground of the City except such as designated by an order of the Board of Aldermen". Certain streets are, under the traffic ordinances, expressly reserved for coasting, but all of those so reserved are *public* ways.

The enabling statute, G.L. c. 85, § 10, pro-

vides that cities may make ordinances regulating the passage of streetcars or other vehicles or the use of sleds for coasting ... upon or through any public way, and it is provided by § 10A of the same chapter that the Aldermen .... "may designate certain ways or parts of ways, other than state highways upon which ... coasting may be permitted".

The coasting, and the accident, occurred upon Hatch Street in Medford. It is a private way. It has not been accepted by the city. It could be used only by two abutting owners, of which the defendant together with her husband are one, of the parcels at two corners of Fellsview Avenue, and only for the limited purpose of access to and from the respective garages of the two abutting owners. The accident occurred at a point before reaching the intersection with Fellsview Avenue.

Hatch Street is not an improved street. It has no sidewalk. There are no homes fronting on the way. There is no vehicular travel except for the use of the two driveways by the owners of the two houses which front on Fellsview Avenue and not on Hatch Street. Beyond the driveways of the two abutters, which are the only structures on Hatch Street, the way known as Hatch Street extends for about 100 feet southeasterly as a path interspersed with trees and boulders, and beyond that it becomes an indistinguishable wooded area making vehicular travel beyond the driveways in a southeasterly direction impossible. These recitations in the

report which we treat as findings are borne out by pictures received in evidence which are expressly made a part of and incorporated in the report.

In the express words which appear in the enabling act, G.L. c. 85, § 10, we perceive no grant of authority to cities and towns to prohibit coasting on private as distinguished from public ways. Only the adjective "public" precedes the word "way". No way other than public is referred to. § 10A is a further grant of authority to designate certain ways upon which coasting may be permitted, but it does not extend the authority to prohibit which is granted in § 10.

Ordinances which are prohibitive are to be strictly construed because they are criminal in nature and are not to be extended merely by implication. *Commonwealth* v. *Paccia,* 338 Mass. 4, 6. See *Lustwerk* v. *Lytron, Inc.,* 344 Mass. 647, 653. "The ordinance cannot go beyond the scope of the enabling statute." *New England Tel. & Tel. Co.* v. *Brockton,* 332 Mass. 662, 665.

It is our opinion that the enabling statute did not authorize the enactment of an ordinance barring coasting upon other than a public way. Nor do we assume that the ordinance which prohibits "coasting in any street or public ground" was intended to be applicable to private ways, such as from the report Hatch Street appears to be. If it had been the intention of the Board of Aldermen to prohibit coasting in

all streets whether public or private, it would not have been at all difficult to make such intention clearly apparent by way of appropriate language. We have no reason to assume that it was the intention of the Board of Aldermen to prohibit coasting generally in all streets regardless of ownership, access, travel, paving or other factors. And it may be significant in construing the ordinance that no private way appears in the list of streets on which coasting is specifically and by street name permitted. It might be inferred that, given an intent to prohibit coasting both upon public and private ways, coasting might with greater safety be permitted by the Board of Aldermen upon private ways rather than upon public ways. The judge has found in his report that Hatch Street is a private way. We cannot say that this finding is plainly wrong. As a private way, it does not fall within the category of ''street or public ground ...'' which is forbidden by the ordinance. The judge was not wrong in his denial of the requested ruling. Compare the language in *Botelho* v. *Margarida,* 312 Mass. 429, where at page 433 the Court said ''since this conclusion (proximate cause by reason of use of the forbidden way) is the only rational inference to be drawn from the evidence, there was no error in the action of the judge in entering a verdict for the defendant in each case under leave reserved.'' Here, however, this is not the only rational inference; in his finding that Hatch Street is a private way, the judge has

upon the facts found to the contrary. In our opinion, this warranted finding was in the light of the facts found decisive of the case. The judge was not required to rule that in the circumstances a finding for the defendant was required under the cases exemplified by *Query* v. *Howe,* 273 Mass. 92 and similar cases.

There was, therefore, no error in the judge's ruling, and the *report is to be dismissed.*

ROBERT W. MACDONALD
   for the plaintiff
JAMES J. FITZPATRICK
   for the defendant.