BRUCE SCOTT *vs.* BOSTON ELEVATED RAILWAY COMPANY (and a companion case [1]).

Suffolk.    February 6, 1945. — March 5, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING.

*Negligence*, Trespasser. *Proximate Cause. Trespass.*

Evidence that a boy twelve years of age, who was "hooking a ride" by clinging to the side of a motor bus, jumped therefrom, bumped into an automobile and fell behind the bus, where, upon the bus backing, he was struck by it and injured, all of which "happened pretty quickly," required a ruling that his trespass was proximately connected with his injury and barred him from recovery from the proprietor of the bus, even if its operator was negligent.

---

[1] The companion case is Alexander Scott *vs.* Boston Elevated Railway Company.

Two ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated July 19 and July 23, 1941.

On removal to the Superior Court, the actions were tried before *Buttrick*, J.

*T. H. Mahony*, (*R. F. Roach* with him,) for the plaintiff.

*S. C. Rand*, (*F. R. Johnson* with him,) for the defendant.

DOLAN, J. These are actions of tort to recover in the first case compensation for personal injuries sustained by the minor plaintiff, and in the second case consequential damages. At the conclusion of the evidence the judge allowed the defendant's motion for a directed verdict in each case, and the plaintiffs duly excepted.

The evidence in its aspect most favorable to the plaintiffs would have warranted the jury in finding the following facts. On June 6, 1941, at about 7:30 P.M., the minor plaintiff, hereinafter referred to as the plaintiff, who was then "going on" twelve years of age, left his home on East Newton Street, in Boston, to go to the Boys Club, located on Washington Street next to the Salvation Army building, near East Brookline Street. He got on the bus, which was then just starting up, "going just a little bit," and was bound intown, at the corner of East Newton Street. He did not get into the bus and paid no fare. He was "hooking a ride" on the outside of the bus, holding onto a window which was partly open, the second window from the front end on the right of the driver. He knew that was "wrong." He was facing toward the side of the bus. He had one foot, he thought the right foot, on the right front "wheel fender." The bus went by Blackstone Park. He was still hanging on. The bus stopped at the Salvation Army Hotel (at the corner of East Brookline Street) and people got on the bus. Proceeding intown, the bus passed Canton Street and slowed down, and he jumped off. He ran a couple of steps and bumped into an automobile, and fell down in back of the wheels of the bus. "The bus could not stop right there because cars were parked, so it went in between the poles [uprights of the Elevated structure] and cut in between . . . [them] and as it did so it backed up and bumped him on the side. . . . it all happened

pretty quickly. . . . the wheels didn't go over him." A photograph of the bus, which was presented as an exhibit, shows that the rear wheels of the bus were located thereunder at some distance from the rear end of the body of the bus. A witness called by the plaintiffs testified that she saw the accident; that she saw the plaintiff on the right hand side of the rear of the bus and saw him fall; that the bus went back, then forward, "just pinched him like," and stopped, and then went forward; and that it did not "go along any distance at all." It stayed there and the plaintiff was three or four feet from it. Another witness called by the plaintiffs testified that she saw the bus going by and noticed the "child" hanging on its outside on the right hand side, back near the end of the bus, that she saw his hands disappear and heard a scream. The testimony of these witnesses was not inconsistent with that of the plaintiff to the effect that "it all happened pretty quickly." The jury could have found that the operator of the vehicle knew that Washington Street in the area where the accident occurred was a fairly busy street; that people were crossing from one side to the other there; that there were boys and girls "around" there at that time of night going to and coming from the Boys Club, and people going to and coming from church; that before starting the bus the operator did not look out the rear of the bus, and that up to the time of the accident when he got out of the bus he had not seen the plaintiff.

The declaration in each case is in two counts, the first alleging negligence on the part of the defendant's servant or agent in operating the bus, and the second alleging that it had been operated in a wanton and reckless manner. The plaintiffs properly do not contend that verdicts for them would have been warranted on the second counts. See *Mikaelian* v. *Palaza*, 300 Mass. 354, 356.

We are of opinion that the action of the judge in allowing the defendant's motion for a directed verdict in each case was right. The plaintiffs rightly do not contend that while clinging to the outside of the bus the plaintiff was not a trespasser. See *Kallio* v. *Worcester Consolidated Street Rail-*

*way,* 222 Mass. 121. The jury would have been obliged to find that the injuries sustained by the plaintiff were closely bound up with the trespass, and that the jumping by the plaintiff from the bus, his bumping into an automobile and his falling in back of the wheels of the bus occurred almost at once, that it "all happened pretty quickly." In these circumstances we are of opinion that the trespass by the plaintiff was "so intimately connected with his injury as a proximate cause that as matter of law he is barred from recovery on the first count based upon negligence." *Query* v. *Howe,* 273 Mass. 92, 96. *Labay* v. *Leiken,* 252 Mass. 579. *Botelho* v. *Margarida,* 312 Mass. 429, 433. *Reynolds* v. *Jacobucci,* 317 Mass. 500, 503–504. The present cases are clearly distinguishable on the facts from *Conley* v. *Rosenfield,* 271 Mass. 433, *Fone* v. *Elloian,* 297 Mass. 139, and *Rocha* v. *Alber,* 302 Mass. 155, relied upon by the plaintiffs.

*Exceptions overruled.*