Rescript Opinions.

THOMAS J. REARDON, JR., *vs.* WILLIAM BAKER & another. November 30, 1967. The plaintiff, a boy nine years of age at the time, fell from the shingled steep roof of a shed in the backyard of the house in which his family lived as a tenant of the defendants who also lived in the house. The boy was hurt when his arm came in contact with a broken windowpane in a storm window that rested against the side of the shed. According to the testimony of the boy's parents it had been there for about two years. The boy's mother testified that she had asked that it be removed. It was undisputed that the boy's parents had repeatedly told him not to play on the roof of the shed and that the defendants had done the same and had spoken to the parents. The judge directed a verdict on the ground of the plaintiff's contributory negligence. The plaintiff is held to the exercise of that degree of care which is reasonably to be expected of a child of his age. *Birch* v. *Strout,* 303 Mass. 28, 30. *Farinelli* v. *Laventure,* 342 Mass. 157, 160. Even if the boy's lack of caution and judgment, natural to his age, may have initially led him to play on the steep roof, the warnings of his parents strongly suggest that it was unreasonable conduct for him to continue to do so. However that may be, the boy was a trespasser and the defendants owed only the duty of refraining from wilful, wanton or reckless conduct. If there was a duty to warn, the evidence shows that it was fulfilled. The plaintiff's brief does not contend that there was such conduct, but seeks recovery on theories of negligence and the contention that, as the plaintiff had momentarily reached the ground before being hurt, his status as trespasser had ceased. There is nothing in this. *Scott* v. *Boston Elev. Ry.* 318 Mass. 31, 33–34. There were counts for maintaining a nuisance. Plainly there was none. See *Kasper* v. *H. P. Hood & Sons, Inc.* 291 Mass. 24, 27.

*Exceptions overruled.*

*Michael B. Latti* for the plaintiff.
*Edward R. Butterworth* was not called upon.


LAURIE MASCARO & another *vs.* TEN PIN BOWLING CENTER OF WILBRAHAM, INC. November 30, 1967. The judge in allowing the motion for a new trial on the amount of damages filed a memorandum stating that on the evidence the damages awarded ($2,500) could only be based on speculation and conjecture as the minor plaintiff had not been in court and the descriptions of the injury to the little girl's finger varied considerably. This was within three of the four grounds stated in the motion, that is, that the verdict was against the evidence, against the weight of the evidence, and excessive. There was full compliance with G. L. c. 231, § 128. Compare *Wright* v. *Apikian,* 270 Mass. 302, 304–305. The declaration sought recovery for amputation of part of a finger and permanent scars and disfigurement. The judge in his memorandum noted that the principal claim for damages is the mortification and distress to the young girl in later life from the appearance of the finger. This was obvious; it is beside the point that the motion did not refer to future damages. The mother's testimony that one-quarter to one-half inch of the finger was cut off and her later testimony that "the finger has a complete fingernail on it," justified the statement that the descriptions of the injury varied.

*Exceptions overruled.*

*Thomas J. O'Connor* for the plaintiffs.
*Donald A. Beaudry* for the defendant.