ALFRED BLAKE *vs.* SPRINGFIELD STREET RAILWAY COMPANY.  May 6, 1980.  This case is again before the court following a retrial after our decision in *Blake* v. *Springfield St. Ry.,* 6 Mass. App. Ct. 553 (1978).  The facts are set out in the opinion in that case.  1. The plaintiff claims that the judge erred when he charged the jury on the question of contributory negligence that "[t]he standard that an eight-year-old should be held to is not the standard that you hold an adult to, but you would hold him to the . . . standard of a typical eight-year-old child, that age is one of the circumstances to be considered in determining whether he was negligent or not."  The plaintiff had requested an instruction tracking the standard of

care stated in *Mann* v. *Cook,* 346 Mass. 174, 178 (1963), that a minor plaintiff's conduct "is to be judged by the standard of behavior expected from a child of like age, intelligence and experience." See also Restatement of Torts (Second) § 283A (1965). When the request was again brought to the attention of the judge at the conclusion of the charge, he responded, "I think I covered it adequately." Although the judge could properly have supplemented his charge by including the requested language, we consider that the word "typical" as used by the judge includes within its scope all of the characteristics of mind which come from intelligence and experience as well as the behavioral patterns of an eight year old child. We do not have before us any of the trial testimony, but we do have the master's report. His description of the game the plaintiff and two other boys had been playing for thirty minutes prior to the accident discloses nothing atypical about the plaintiff when compared to other eight year old children. For all that appears, he had neither special experience nor lack of it relevant to the case; his intelligence was not substandard. We note further that subsequent to the *Mann* case the Supreme Judicial Court in *Reardon* v. *Baker,* 353 Mass. 754 (1967), stated that "[t]he plaintiff is held to the exercise of that degree of care which is reasonably to be expected of a child of his age" and that a few years earlier in *Woods* v. *DeMont,* 322 Mass. 233, 234 (1948), the court stated the standard to be "[t]he due care of a boy of seven years is the care reasonably to be expected of a child of similar age." 2. There is no merit to the plaintiff's remaining issue, and further he is foreclosed from raising it as that question could have been raised in the first appeal. See *Levenson* v. *Brockton Taunton Gas Co.,* 5 Mass. App. Ct. 883 (1977).

*Judgment affirmed.*

*Louis Kerlinsky* for the plaintiff.
*William P. O'Neill* for the defendant.