DANIELLA GUTIERREZ *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY & another.[1] November 15, 2004. *Practice, Civil,* Appeal, Frivolous action, Costs, Failure to raise issue.

The parties to this appeal have been before this court, *Gutierrez* v. *Massachusetts Bay Transp. Auth.,* 437 Mass. 396 (2002) (*Gutierrez I*), previously, and the material facts of their dispute are described in that decision. In summary, Daniella Gutierrez and her sister, Dominique Gutierrez, were arrested by the Massachusetts Bay Transportation Authority (MBTA) police following an altercation at an MBTA station. In the course of her arrest, Daniella's arm was broken. A Superior Court jury found that MBTA Officer Giancarlo Cantella "negligently injured" Daniella, and "awarded her damages in the amount of $53,000." *Id.* at 398. Based on that finding, in a posttrial ruling, the judge concluded that the jury, if they had been properly instructed, would also have found in Daniella's favor on her Federal civil rights claim based on use of excessive force. *Id.* Judgment subsequently entered for Daniella and against the defendants on that claim as well as on her negligence claim.

The defendants otherwise prevailed. On the basis of the jury's answers to special verdict questions, judgment entered for the defendants on the remainder of Daniella's claims, including assault and battery, false arrest and imprisonment, intentional infliction of emotional distress, civil rights violations based on lack of probable cause, conspiracy to violate civil rights, and strict liability. *Id.* at 398. Dominique's claims arose out of her arrest for trespassing, but she was not physically injured. Based on the jury's answers to the special verdict questions, judgment entered against Dominique and in favor of the defendants on all of her claims. *Id.* The MBTA and Cantella appealed generally, both from the judgment against them in favor of Daniella, and from various trial and posttrial orders.[2]

---

[1] Giancarlo Cantella.

[2] Daniella and Dominique also appealed. *Gutierrez* v. *Massachusetts Bay Transp. Auth.,* 437 Mass. 396, 398 (2002) (*Gutierrez I*).

On appeal, we affirmed the judgment for the defendants only on the plaintiffs' claims "for malicious prosecution, civil rights conspiracy, and civil rights claims based on a lack of probable cause to arrest." *Id.* at 416. We vacated the judgment for the defendants "with respect to the plaintiffs' abuse of process claims, [and] false arrest claims." We also vacated the judgment for Daniella with respect to her "Federal civil rights claim based on excessive force," *id.*, the latter on the ground that the judge "could not properly direct a verdict [in favor of Daniella] on the excessive force claim based on the jury's verdict on the negligence claim." *Id.* at 402. We then remanded the case to the Superior Court "for further proceedings consistent with this opinion." *Id.* at 416.

Following *Gutierrez I*, rather than pursue her right to retry her abuse of process, false arrest, and Federal civil rights claims based on excessive force, Daniella sought and obtained separate and final judgment, pursuant to Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), on the negligence verdict, i.e., the negligence claim relating to her broken arm. She simultaneously sought and obtained dismissal of all of her other remaining claims.[3] From that separate judgment obtained by Daniella, the defendants again appealed, and we granted Daniella's application for direct appellate review.

The defendants now contend that a police officer may not be concurrently liable for both negligence and Federal civil rights violations based on the same incident. Because we concluded in *Gutierrez I* that Daniella was entitled to retrial of her Federal civil rights claims based on excessive force, the defendants further argue that Daniella is now required to retry her general negligence claim as well. For this reason, they contend, separate and final judgment could not issue on the negligence claim, and in ordering the entry of such judgment the judge in the Superior Court exceeded her authority. We reject the argument.

First, nothing in the materials before us indicates that this "concurrent liability" argument was raised before the Superior Court judge at any time prior to the first appeal. The defendants also did not address the point in their *Gutierrez I* appellate brief.[4] The issue did not, therefore, require the court's consideration in the first appeal. See, e.g., *Sylvia* v. *New York, N.H. & H.R.R.*, 296 Mass. 157, 163 (1936) (apparent inconsistency in verdicts not considered on appeal, issue not argued on appeal).[5] We also will not consider it now. See *Gram* v. *Liberty Mut. Ins. Co.*, 391 Mass. 333, 335 (1984). As we have said before:

"This court generally refuses to consider arguments raised for the first time on appeal. See *Porter* v. *Treasurer & Collector of Taxes of*

---

[3]None of Daniella's claims, therefore, remains in the Superior Court. The only claims in that court are those of Dominique for false arrest and abuse of process.

[4]Indeed, the defendants failed to make any specific argument challenging the negligence verdict, apart from arguing generally that "they [were] entitled to qualified immunity on all claims against them as a matter of law." *Gutierrez I, supra* at 403. We concluded, however, that "the only remaining claim to which qualified immunity may apply is Daniella's excessive force claim." *Id.* at 403 n.8.

[5]To the extent that the defendants contend that the court had "overlooked or misapprehended" any point of law or fact in *Gutierrez I*, they failed to petition for rehearing. Mass. R. A. P. 27 (a), as appearing in 396 Mass. 1218 (1986).

> *Worcester*, 385 Mass. 335, 338 n.5 (1982). This principle is doubly ap-
> plicable when an appellant seeks to raise for the first time on a second
> appeal an issue that has been on hand from the inception of the case."

*Amherst Nursing Home, Inc.* v. *Commonwealth*, 398 Mass. 850, 852 (1986). See *Blake* v. *Springfield St. Ry.*, 9 Mass. App. Ct. 912, 913 (1980) (plaintiff foreclosed from raising issue that "could have been raised in the first appeal").

Second, nothing in our earlier decision supports the defendants' contention that *Gutierrez I* implicitly vacated the judgment for Daniella with respect to her negligence claim, or that *Gutierrez I* precluded dismissal of Daniella's abuse of process, false arrest, and civil rights claims at her behest. To the contrary, in *Gutierrez I, supra* at 412 n.14, we noted: "Daniella prevailed on her negligence claim, and the emotional components of Daniella's pain and suffering in connection with her broken arm were compensated under her general claim for negligence." We also stated: "The jury found Officer Cantella negligent, but we do not know the factual basis of that verdict. The jury could have found some form of negligence on either party's version of events, and we do not know precisely what aspect of Officer Cantella's conduct they found to be negligent." *Id.* at 402. There is no suggestion that Daniella's "general claim for negligence" on which she prevailed was undermined in any respect by our earlier decision. The judgment entered by the Superior Court judge, pursuant to rule 54 (b), is consistent with *Gutierrez I*, see *Long* v. *George*, 296 Mass. 574, 577 (1937); *Steranko* v. *Inforex, Inc.*, 8 Mass. App. Ct. 523, 526-527 (1979), and is not inconsistent with our rescript. See *King* v. *Allen*, 9 Mass. App. Ct. 821, 821-822 (1980). We also discern no abuse of discretion in the entry of separate and final judgment for Daniella pursuant to that rule.

In instituting this appeal, the defendants had no "reasonable expectation of a reversal." *Allen* v. *Batchelder*, 17 Mass. App. Ct. 453, 458 (1984). The appeal is frivolous. We therefore award double costs to Daniella, pursuant to Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). The judgment is to be modified to include the costs hereby awarded and, as modified, is affirmed.

*So ordered.*

*James Gavin Reardon, Jr. (Julie E. Reardon* with him) for the defendants.
*Jeffrey S. Beeler* for the plaintiff.