NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1073

HSBC BANK USA, N.A., trustee,[1]

vs.

TOMMY L. MORRIS & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants, Mary L. and Tommy L. Morris, appeal from a summary judgment entered in the Housing Court in favor of the plaintiff, HSBC Bank USA, N.A. (bank), and the subsequent orders denying their motion for reconsideration and for issuance of an execution for possession. We affirm.[3]

Discussion. 1. Jurisdiction of the Housing Court. The defendants contend that the Housing Court lacked jurisdiction

---

[1] Of the Fremont Home Loan Trust 2005-E, Mortgage Backed Certificates, Series 2005-E.

[2] Mary L. Morris.

[3] We assume familiarity with the prior decisions in this matter by this court and the Supreme Judicial Court. See HSBC Bank USA, N.A. v. Morris, 99 Mass. App. Ct. 417 (2021), S.C., 490 Mass. 322 (2022).

over the case on remand.  In the defendants' prior appeal, the Supreme Judicial Court rejected their argument that the Housing Court lacked subject matter jurisdiction over the summary process action.  HSBC Bank USA, N.A. v. Morris, 490 Mass. 322, 340 n.30 (2022).  We are unpersuaded by their new jurisdictional challenges.  Although some claims under the Predatory Home Loan Practices Act (PHLPA) may implicate title, the defendants' PHLPA counterclaim did not because any recovery was limited to monetary damages, attorney's fees, and costs.  Id. at 337.  See G. L. c. 183C, § 15 (b) (2).  Further, even if title had been at issue, the Housing Court would not have lacked jurisdiction to adjudicate the matter.  See Bank of N.Y. v. Bailey, 460 Mass. 327, 333-334 (2011).  As for the Housing Court's failure to enter on its docket the rescript issued by the Supreme Judicial Court, this procedural defect did not deprive the Housing Court of jurisdiction to decide the counterclaim, particularly where the defendants did not raise this issue in the two years they litigated in the Housing Court after the Supreme Judicial Court remanded the case.  See Depianti v. Jan-Pro Franchising Int'l, Inc., 465 Mass. 607, 611 (2013).

2. Judgment for possession.  The defendants assert that the execution for possession dated August 23, 2024, was issued in error because it relied on the 2018 judgment for possession, which they argue was vacated by the Supreme Judicial Court.  We

2

disagree.  As the judge explained, the Supreme Judicial Court did not reverse the judgment for possession in favor of the bank.  See HSBC Bank USA, N.A., 490 Mass. at 340-341.  Rather, the court reversed the grant of summary judgment "insofar as it concerns the [defendants'] PHLPA counterclaim," and also reversed in part and affirmed in part the grant of summary judgment "insofar as it concerns the c. 93A claim."  HSBC Bank USA, N.A., supra at 341.  Although the court did not explicitly affirm the judgment for possession, it did not reverse or remand on any issue that called that judgment into question.

On remand, a trial court judge must follow the terms of an appellate court's decision as to matters addressed in that decision.  See City Coal Co. of Springfield v. Noonan, 434 Mass. 709, 710-711 (2001).  Here, the only remaining issue for the Housing Court judge to address on remand was the defendant's PHLPA counterclaim for damages.  In an abundance of caution, after entering summary judgment in the bank's favor, the judge allowed the defendants' motion to stay execution of the judgment pending this appeal.  Because we agree with the judge that the judgment for possession was not disturbed by the Supreme Judicial Court's decision, execution on it may proceed.

3.  Summary judgment.  The defendants also contend that the Housing Court judge erred in granting summary judgment on the defendants' remaining counterclaim under G. L. c. 183C,

3

§ 15 (b) (2).  "We review a decision on a motion for summary judgment de novo."  Conservation Comm'n of Norton v. Pesa, 488 Mass. 325, 330 (2021) (Pesa).  "Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  Barbetti v. Stempniewicz, 490 Mass. 98, 107 (2022), quoting Pesa, supra.  See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).

In remanding the case for further proceedings on the defendant's PHLPA counterclaim, the Supreme Judicial Court stated that it was "limited to monetary damages capped at the 'amounts required to reduce or extinguish the borrower's liability under the high-cost home mortgage loan' plus costs and reasonable attorney's fees."  HSBC Bank USA, N.A., 490 Mass. at 337, quoting G. L. c. 183C, § 15 (b).  The court noted that the defendants could "pursue damages sufficient to extinguish their deficiency on the loan even though there is not presently a claim by HSBC for the deficiency."  HSBC Bank USA, N.A., supra at 340 n.29.  On remand, the judge concluded that the defendants' PHLPA counterclaim failed because "there is not [a] claim by HSBC for any outstanding liability under the loan" and the defendants "are in turn not entitled to any monetary damages."  Although they do not make the argument here, the defendants contended in the Housing Court that the bank could still assert or assign a claim for the deficiency in some future

4

action.  The judge acknowledged that possibility in his summary judgment decision and in a postjudgment order.  To the extent there was previously uncertainty regarding this issue, we are satisfied by the bank's letter filed pursuant to Mass. R. A. P. 22 (c), as appearing in 481 Mass. 1651 (2019), stating that it will not seek a deficiency judgment against the defendants and that "any ability to seek a deficiency judgment has expired." See Clair v. Clair, 464 Mass. 205, 214 (2013), quoting Gabbidon v. King, 414 Mass. 685, 686 (1993) ("It is well established that, on appeal, we may consider any ground apparent on the record that supports the result reached in the lower court"). Because there is no longer the possibility of a claim for a deficiency for which offsetting damages could be sought, we affirm summary judgment on the defendants' counterclaim under

G. L. c. 183C, § 15 (b) (2).[4]

Summary judgment on PHLPA
  counterclaim affirmed.

Order allowing application
  for execution for
  possession affirmed.

Order denying motion for
  reconsideration affirmed.

By the Court (Meade,
  Ditkoff & Toone, JJ.[5]),

Clerk

Entered:  December 16, 2025.

---

[4] The defendants did not argue in the Housing Court, and do not argue here, that they may recover attorney's fees and costs in the absence of an award of damages under G. L. c. 183C, § 15 (b) (2).  The other arguments raised in the defendants' brief are without merit.  This court previously rejected their argument that the affidavit of sale was deficient because it did not state the affiant's basis of knowledge, and that holding was not disturbed on further appellate review.  See HSBC Bank USA, N.A., 99 Mass. App. Ct. at 425.  The defendants waived their arguments regarding their claimed violations of due process and the application of strict scrutiny by failing to raise them in their first appeal or in the Housing Court on remand.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006); Gutierrez v. Massachusetts Bay Transp. Auth., 442 Mass. 1041, 1042-1043 (2004).

[5] The panelists are listed in order of seniority.